GEORGE E. WILD *et al.*

*v.*

THE PEOPLE *ex rel.* W. E. Stephens *et al.*

*Opinion filed June 19, 1907.*

1. MUNICIPAL CORPORATIONS—*word "contiguous," in act relating to organization of villages, cannot be disregarded.* While section 5 of article 11 of the City and Village act, providing for the organization into a village of contiguous territory not exceeding two square miles, etc., should receive a liberal construction, yet the word "contiguous" cannot be entirely disregarded.

2. SAME—*when territory is not contiguous.* Territory is not contiguous where the only connection between two tracts of land is a point at the corner of the two tracts where the boundary lines thereof intersect, as where the south boundary line of one tract, extended, forms the north boundary line of the other, and the west boundary line of the former, extended, forms the east boundary line of the latter.

3. SAME—*when use of strip of land to connect territory is not a compliance with the law.* The use of a strip of land one-half mile long and fifty feet wide to connect two tracts of land to be included in the territory to be organized into a village is a mere subterfuge, and is not a compliance with the law requiring the territory to be contiguous.

APPEAL from the Circuit Court of McLean county; the Hon. C. D. MYERS, Judge, presiding.

LIVINGSTON & BACH, for appellants:

Municipal corporations are created for public good and demanded by the wants of the community, and their organization is favored by the courts. *Jameson* v. *People,* 16 Ill. 257; *People* v. *Farnham,* 35 id. 566.

Courts will not interfere with the discretion of the inhabitants of any district sought to be organized as a village, no matter what shape that district may assume, so long as the said inhabitants comply with the statutory regulations, namely, number of inhabitants and restriction as to number of square miles of contiguous territory. *People* v. *Mar-*

*quiss,* 192 Ill. 380; Cooley on Const. Lim. 118; *Galesburg* v. *Hawkins,* 75 Ill. 157.

The extent and character of the land are not, *per se,* controlling objections if the persons to be affected unite in the petition. *In re Blooming Valley,* 56 Pa. 66; *People* v. *Marquiss,* 192 Ill. 380.

The propriety of establishing a municipal corporation and of including within its boundaries a particular territory, is, in general, a political question for the legislative part of the government. If the course pursued in establishing a municipality is substantially such as is pointed out by the law, the courts do not interfere. *People* v. *Riverside,* 70 Cal. 461.

The acceptance or rejection of city charters, the location of county seats, the division of counties, towns, school districts, and many local concerns of similar character, have habitually been made to depend upon vote of the resident electors. 3 Am. & Eng. Ency. of Law, (1st ed.) 698; *State* v. *District Court,* 33 Minn. 235; Cooley on Const. Lim. sec. 141; 1 Dillon on Mun. Corp. sec. 44; *State* v. *Cooke,* 24 Minn. 247.

W. H. STEAD, Attorney General, (WELTY, STERLING & WHITMORE, of counsel,) for appellees:

Whenever any area of contiguous territory, not exceeding two square miles, shall have resident thereon a population of at least three hundred inhabitants, and which territory is not included within the limits of any incorporated town, village or city, the same may be incorporated as a village, etc. Hurd's Stat. 1905, sec. 182, p. 314; *People* v. *New,* 214 Ill. 287; *People* v. *Marquiss,* 192 id. 377.

The territory in question was not contiguous. *Bank* v. *Hopkins,* 47 Kan. 580; *Kresin* v. *Mau,* 15 Minn. 119.

The People were not estopped to file a petition for *quo warranto* because the relators voted at the election for the organization of the village. *People* v. *Burns,* 212 Ill. 227.

Mr. JUSTICE SCOTT delivered the opinion of the court:

This was a proceeding in *quo warranto* in the circuit court of McLean county to test the validity of the organization of the village of Weston, in that county. The officers of the village were made defendants and filed two pleas. The first set forth certain steps taken to organize the village in the year 1906, and includes a description, by metes and bounds, of the territory sought to be incorporated. The second sets up that relators participated in the election to determine whether the territory in question should be organized as the village of Weston. General demurrer was interposed and sustained to each plea. Defendants stood by their pleas, and judgment of ouster being entered, they now appeal.

By paragraph 182 of chapter 24, Hurd's Revised Statutes of 1905, it is provided: "Whenever any area of contiguous territory, not exceeding two square miles, shall have resident thereon a population of at least three hundred inhabitants, and which territory is not included within the limits of any incorporated town, village or city, the same may become incorporated as a village, under this act, in the manner following: Any thirty legal voters resident within the limits of such proposed village may petition the county judge of the county in which they reside, to cause the question to be submitted to the legal voters of such proposed village, whether they will organize as a village under this act. And if the territory described in said petition shall be situated in more than one county, then the petition shall be addressed to the judge of the county court of the county where a greater part of such territory is situated. Such petition shall be addressed to the county judge, contain a definite description of the lands intended to be embraced in such village, the number of inhabitants resident therein, and the name of such proposed village."

The contention of the relators is, that the organization of the village is not valid because the territory within its limits is not contiguous. The boundaries of that territory as

set forth in the first plea are shown by the following plat,
the heavy black lines indicating the corporation line:

In determining what territory may be included within the village we think the section of the statute above quoted should be given a liberal construction. Bearing in mind, however, the fact that the word "contiguous" must not be entirely disregarded, an examination of this plat condemns the first plea.

The tract marked "Original Town of Weston" indicates the location of a hamlet, in which the greater part of the population of the territory is located. From the main body of the territory included within the limits of the pretended village it will be observed that long and narrow strips of land which are within the boundaries extend in various directions. From a point on the north line of section 11 a strip 310 feet in width east and west extends south a half mile, where it corners with another strip 200 feet in width east and west, which extends south a half mile and then intersects the north line of another strip 2000 feet in length from east to west and 200 feet in width from north to south. The only connection which these strips have with the other territory is the junction of the 310-foot strip at its northern extremity with the south line of the main body of such other territory. The only way in which the 310-foot strip touches or adjoins the 200-foot strip is by the fact that they corner with each other. The west line of the first extended is the east line of the second, and the south line of the first extended is the north line of the second. No vehicle, and, in fact, no person, could pass from one strip to the other without passing over or upon lands not within the village. The two strips last mentioned are not contiguous. *H. S. & P. Co.* v. *Campbell,* 89 Va. 396; *Kresin* v. *Mau,* 15 Minn. 119; *Linn County Bank* v. *Hopkins,* 47 Kan. 582.

It is also to be observed that from the main body of the territory a strip 570 feet in width east and west extends south from a point near the north-west corner of section 10 almost one mile to the south line of that section, and from

the south fifty feet of that strip another strip fifty feet in width from north to south extends west a half mile, where it intersects the east line of a body of land 1000 feet in length from north to south and 550 feet in width from east to west, all included within the village. It is apparent that the 50-foot strip is merely included for the purpose of connecting the piece of ground at the west end thereof with other territory in the village. It is also apparent that the piece of ground at the west end of the strip is not, in fact, contiguous to grounds in the village other than that strip. The use of that strip to connect the tract at its western extremity with other territory in the village is a mere subterfuge and not a compliance with the law. It is useless to discuss the plea farther.

That the second plea does not present a defense is determined by *People* v. *Burns,* 212 Ill. 227.

The judgment of the circuit court will be affirmed.

*Judgment affirmed.*