(No. 13609.—Reversed and remanded.)

THE PEOPLE *ex rel.* John H. Lewman, State's Attorney, Appellant, *vs.* WILLIAM MOYER *et al.* Appellees.

*Opinion filed December 21, 1920—Rehearing denied April 14, 1921.*

1. CONSTITUTIONAL LAW—*act of 1919 for community consolidated school districts does not violate section 13 of article 4 of constitution.* The act of 1919 for the organization of community consolidated school districts (Laws of 1919, p. 904,) does not violate section 13 of article 4 of the constitution, concerning the title and subject of an act, and is a proper amendment of the School law by the addition of new sections, which are inserted at length in the act. (*People* v. *Exton, ante,* p. 119, and *People* v. *Edmands,* 252 Ill. 108, followed.)

2. SAME—*the act for community consolidated school districts is not class legislation.* The act of 1919 for the organization of community consolidated school districts, in providing only for the consolidation of whole districts, does not violate the constitutional provision against class legislation, as the difference in situation between whole districts and parts of districts with respect to consolidation is a rational one, upon which the legislature may justifiably act and grant the privilege in one case and deny it in the other.

3. SAME—*act for community consolidated school districts does not violate constitutional provision for free elections.* The act of 1919 for the organization of community consolidated school districts does not violate the constitutional provision that elections shall be free and equal, as the right to vote at elections for the organization of such districts is not restricted nor is the vote of any one person given more weight than that of any other.

4. SCHOOLS—*territory of community consolidated school district must be reasonably compact.* The territory of a community consolidated school district organized under the act of 1919 need not be regular in form or symmetrical in outline but should be as compact as is consistent with the size and shape of the individual districts and the circumstances of the case, so as to accommodate the greatest number of pupils within convenient distance from the school, and it is the province of the court to determine whether the requirements of the statute have been complied with. (*People* v. *Rose,* 203 Ill. 46, distinguished.)

5. SAME—*circumstances showing why certain territory is excluded should be pleaded and proved.* If, by reason of the topography of the territory, obstructions to travel or communication or other sufficient cause, territory has been excluded from what would

otherwise seem to be compact territory, the facts furnishing the ground for such exclusion should be pleaded and proved when the organization of a community consolidated school district is attacked upon the ground that the territory is not compact.

6. WORDS AND PHRASES—*definition of word "compact."* The word "compact" means "closely and firmly united;" "knitted or pressed together;" "arranged or packed in a small compass;" and its antonyms are "diffuse;" "loose;" "scattering;" "straggling."

APPEAL from the Circuit Court of Vermilion county; the Hon. AUGUSTUS A. PARTLOW, Judge, presiding.

JOHN H. LEWMAN, State's Attorney, ACTON & ACTON, and REARICK & MEEKS, for appellant.

O. M. JONES, and A. R. HALL, (HALL & HOLADAY, of counsel,) for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The State's attorney of Vermilion county by leave of the circuit court filed an information in the nature of *quo warranto* against William Moyer and six other individuals, calling upon them to show by what authority they claim to hold the office of president and members of the board of education of Westville Community Consolidated School District No. 154 and by what authority that district claims to exist. At a later day at the same term of court the respondents appeared and moved to vacate the order granting leave to file the information and to dismiss the proceedings. This motion was allowed, and a bill of exceptions was filed showing that no evidence was offered upon the motion but it was heard entirely upon the petition, the affidavits and exhibits thereto attached, and the information filed. The petitioner appealed.

The appellant contends that the statute of 1919, (Laws of 1919, p. 904,) under which the school district was organized, is unconstitutional for several reasons. The first objection, that the act is an amendment of the general School law and violates section 13 of article 4 of the con-

stitution because it amends the School law by reference to its title, only, was made and considered in the case of *People* v. *Exton*, (*ante*, p. 119,) and it was held that there was no violation of that section of the constitution.

The further contention is made here that if the statute is not to be regarded as an amendatory act and violative of section 13 because it amends the School law by reference to its title, only, but is held to be an independent and complete act, then it violates the same section of the constitution because it embraces a subject not within the title. The act does not purport to be an independent act but an amendment of a previous statute. Its title is, "An act to amend an act entitled, 'An act to establish and maintain a system of free schools,' approved and in force June 12, 1909, as amended, by adding thereto seven new sections, to be known as sections 84$a$, 84$b$, 84$c$, 84$d$, 84$e$, 84$f$ and 84$g$." The act makes no change in any provision of the School law except by adding seven sections, which provide for the consolidation of school districts and are inserted at length in the act. This subject was within the scope of the original act, which was to establish and maintain a system of free schools, and was therefore within the title of the act of 1919, which was an act to amend the act to establish and maintain a system of free schools. This method of amending an act by the addition of new sections was held free from constitutional objection in *People* v. *Edmands*, 252 Ill. 108.

It is contended that the statute is class legislation and violates section 22 of article 4 of the constitution, in that it grants special privileges in regard to the organization of school districts by persons inhabiting territory composed of entire school districts which are denied to inhabitants of territory similarly situated but not composed of entire school districts. The subject matter of this act is the consolidation of school districts. The word "community" does not affect the meaning. Districts may be consolidated un-

298—10

der this act or under section 121*a* of the general School law, and all school districts and the inhabitants thereof have the same privilege of availing of either method. In either case only whole school districts can be consolidated. The privilege of several school districts to consolidate into one is different from the privilege of parts of several school districts to secede from their respective organizations and organize a new district, leaving in existence, with reduced territory, the old districts from which parts have been taken, and the difference is a rational one, upon which the legislature may justifiably act and grant the privilege in one case and deny it in the other.

It is further argued in support of the charge that this act is class legislation, that under section 121*a* of the general School law, when a district has been formed, then only entire additional districts may be added by a majority of the votes of both the consolidated district and the district to be annexed, while under the act of 1919 adjoining territory consisting of a school district or less may be added to the consolidated school district by a majority of the voters living in that territory with the consent of the majority of the members of the board of education of the consolidated school district, and it is contended that this difference constitutes a classification which is unconstitutional. This question does not arise in this case. There is no question of the annexation of territory and such question may never arise. If it should be held that the provision in regard to the annexation of territory is unconstitutional, such unconstitutionality would not affect the other provisions of the act under which the districts are organized and schools are maintained.

It is also contended that the act violates section 18 of article 2, which provides that all elections shall be free and equal. The basis of this contention is that under the general School law no consolidated district can be organized without the vote of a majority of the voters of each one

of the districts involved, while under the act of 1919 the district may be organized by a vote of the majority of the voters of all the districts involved, even though one of the districts may vote against the consolidation. There is no contention that the right of any person to vote at these elections is restricted or that the vote of any person is not given the same weight as the vote of any other person, and under such circumstances the election is both free and equal. The argument questions the justice of the legislation in regard to the consolidation of districts and the supposed inequality of the rights of the inhabitants of school districts to prevent such consolidation but not the freedom or equality of the elections provided for by such legislation.

The statute provides that only "compact" and contiguous territory bounded by school district lines may be organized into a community consolidated school district. It is contended that the territory organized into the consolidated district is not compact. The following plat which was attached to the petition shows the situation of the territory involved:

The heavy lines indicate the boundaries of the consolidated district; the dotted lines original school districts; the numbers are the numbers of original school districts; and districts 156 and 157 are two school districts which were not included in the consolidated district.

The consolidated district contains about twenty-seven square miles of territory. Its greatest width is about seven miles and its greatest length about six miles. It is composed of five school districts. Districts 142 and 154 constitute the west end of the consolidated district and are about six miles long north and south with an average width of two and one-half miles east and west, including about fifteen square miles. Three and one-half miles east of the east boundary line of these two districts is district 158, three and one-half miles long by an average width of about one and one-half miles, containing about five square miles. Between these two detached tracts lie two school districts extending the width of the three and one-half miles which separate the tracts, having an average length of two miles and containing about six and one-half square miles. There are also between these two tracts two more school districts lying immediately north of districts 159 and 160, about three miles wide and one and one-quarter miles long, containing about four square miles of territory, forming with districts 159 and 160 a compact territory uniting districts 142 and 154 with district 158.

The word "compact" means "closely and firmly united;" "knitted or pressed together;" "solid;" "arranged or packed in a small compass." Its antonyms are, "diffuse;" "loose;" "scattering;" "straggling." A glance at the plat affords the best means of determining which of these expressions best fits this district. It is not to be expected. that the territory composed of whole school districts as organized will be regular in form or symmetrical in outline, and therefore allowance must be made for irregularities, and only such compactness can be required as is con

sistent with the shape and size of the individual districts of which the consolidated district must be composed. The statute requires compactness, and in practical operation the consolidated districts should be as compact as is consistent with the shape and size of the individual districts and the circumstances of the case. In this case two comparatively large tracts of land more than three miles apart are connected by a comparatively narrow strip of land, leaving a space three miles or more wide and more than a mile long between the two tracts, which is hollowed out of what would be the natural boundaries to include a compact body of land, and which compose two school districts which are eligible under the statute to constitute a part of the consolidated district. The intention of the law in providing for these consolidated districts was to provide school accommodations for the greatest number of pupils within convenient distance from the place in which the school should be established, and the object of making them compact was to provide that the district should be such as would accommodate the greatest number and give the easiest access, with the least travel, from all parts of the district for all the pupils. Seemingly the requirements of the statute have not been met in the composition of this consolidated district.

Our attention has been called to *People* v. *Rose*, 203 Ill. 46, and to the plats on pages 70 and 71 of that volume, as illustrative of what has been considered the meaning of "compact." It was not held in that case that the new district was compact. It was held that the provision of the constitution that whenever alterations in a district should be made they should be upon the rule of equality of population as nearly as county boundaries would allow and in as nearly compact form as circumstances would permit, involved the exercise of discretion and judgment on the part of the General Assembly, and that if any attempt had been made by the legislature, in changing the boundaries, to comply with the requirements of the constitution concerning

equality of population and contiguity and compactness of territory, the court had no power to review the legislative discretion in observing such boundaries. It was not even decided that the district was as compact as circumstances would permit, but only that the question was for the discretion of the legislature and not the judgment of the court. That principle does not apply here. There has been no exercise of legislative discretion. The legislature has simply authorized the consolidation of districts which constitute compact and contiguous territory. There has been no legislative finding that the territory involved in this case is compact. There was no discretion in the county superintendent about calling the election, and he had no authority to make any order in regard to the territory involved. The legislature did not intend that any petitioners might select any school districts that they chose for consolidation, for it was required that the territory should be compact. It is the province of the court to determine whether the requirements of the statute have been complied with which are necessary to confer the right to the organization of a school district. When an attempt is made to organize a consolidated district under this law, the territory organized must be as compact as the size and shape of the districts consolidating and the circumstances of the case will permit. This requirement, so far as appears, was not observed in this case, and the court erred in setting aside the order permitting the information to be filed and in dismissing the petition.

If any reason exists, by reason of the topography of the territory, the location of the districts with reference to one another, obstructions to travel or direct communication between different parts of the territory, or other cause which may be regarded as separating a portion of territory from what would otherwise be a compact body, the facts constituting such reason may be shown by pleading and proof.

The judgment will be reversed and the cause remanded to the circuit court of Vermilion county for further proceedings.

*Reversed and remanded.*