(No. 15801.—Judgment affirmed. )

THE PEOPLE ex rel. Louis Pepoon, Appellant, vs. ROBERT FARRAN et al. Appellees.

*Opinion filed February 19, 1924.*

1. SCHOOLS—*construction of constitutional provision for efficient school system.* The provision of the constitution requiring the legislature to provide a thorough and efficient system of free schools, whereby all the children of the State may receive a good common school education, is a mandate and also a limitation on the exercise of the legislative power, and the legislature has no power to provide a system which shall deny a part of the children the opportunity of obtaining a good common school education.

2. SAME—*when a school district is illegal.* It is an unlawful exercise of constitutional power for the legislature to create a school district which on account of its size or other conditions will not permit the children to attend school by traveling from their homes to the school in a reasonable length of time and with a reasonable degree of comfort.

3. SAME—*school district need not be of same convenience to all children.* It is impossible that in a school district the school house can be reached by all the children within the same length of time and with the same degree of comfort, and no district can be held invalid because it does not afford the same convenience to all the children to attend the school.

4. SAME—*when school district is sufficiently compact and contiguous.* A community high school district which is practically square and but four or five miles each way is sufficiently compact and contiguous to satisfy the requirements of the law, where the distance the children are required to travel is not so great as to amount to a denial of the privilege of the school, although some children must necessarily travel greater distances than others and some must travel over worse roads than others, even though at times there may be some interruptions in attending school in very bad weather.

APPEAL from the Circuit Court of Jo Daviess county; the Hon. OSCAR E. HEARD, Judge, presiding.

HARRY C. TEAR, State's Attorney, (PAUL KERZ, of counsel,) for appellant.

FRANK T. SHEEAN, for appellees.

Mr. CHIEF JUSTICE FARMER delivered the opinion of the court:

The circuit court of Jo Daviess county granted leave to the People, on the relation of Louis Pepoon, to file an information in *quo warranto* against Warren Community High School District No. 122 in Jo Daviess county and the board of education of said district. The petition alleged the elections to organize the district and to elect a board of education were illegal. The petition also alleged the district was not compact and contiguous, was abnormal in size and embraced territory belonging to other community centers. The case was heard on a stipulation of facts and affidavits, but at the hearing relator offered nothing to support his claim that the elections were illegal and relied on the claim that the district was not compact and contiguous and embraced territory belonging to other community centers. The circuit court quashed the writ and dismissed the information at relator's cost, and he has prosecuted this appeal from that judgment.

Principal reliance is placed by appellant on the contention that the district is not compact and contiguous and is therefore not a legal and valid high school district. The district contains an area equal to twenty-seven sections and is practically square, except that in the northeast corner it embraces a block of land containing three and one-half sections extending two miles further east than the part of the district south of it, and that territory is about one and three-quarter miles wide north and south. The distance

from the north line to the south line of the district is about
five and a quarter miles, and from the west line to the east
line, except at the northeast corner, is about four and a
half miles.　The high school is now being carried on in a
school building rented by the board of education in the vil-
lage of Warren, which has a population of 1253 and is
within a half mile of the north line of the district, which
is the boundary line between Illinois and Wisconsin.　The
district includes parts of four townships,—Warren, Nora,
Apple River and Rush,—but the greater part of it is in
Warren township.　Apple River, a village with a popula-
tion of 484, is approximately five miles substantially due
west of the village of Warren and about two miles west
of the west line of the district.　Nora, a village in Nora
township having a population of 213, is a half mile east
of the district, a little south of opposite the center of the
district north and south.　Apple River has a three-year
course high school and an attendance of thirty-five.　Nora
has a two-year high school with an attendance of eight.　In
the southwesterly part of the district, which is the territory
farthest from Warren, there are some small water-courses
or creeks and the surface is hilly.　There are bridges on
public highways crossing the streams, but in times of high
water and muddy roads passage by vehicle to Warren is
for several days hindered and made difficult.　The farthest
anyone has to travel to get to Warren is approximately
seven miles.　Practically all the people living in the remot-
est territory in the district sent their children to high school
in Warren before the district was organized.　There are
some roads in that part of the district which have no bridges
over the streams and people cannot get to Warren by those
roads when the waters are high.

The above is a very brief statement of what we regard
as the most important facts relied on by appellant to estab-
lish his contention that the district is not compact.　Some
of the affidavits presented by appellant go into much greater

detail in describing the situation when the roads are in bad
condition, the purpose being to show the distance pupils
would have to travel and that the condition of the roads
for several days at a time was so bad that they were pre-
vented from enjoying the benefits of the school. In almost
every school district of any size, where the school house
is reached over country roads, there are times when travel
over them is difficult or impossible for short periods. The
district here involved is not so large that the distance any
of the children would be required to travel to go to school
is so great as to amount to a denial to children of the privi-
lege of the school. In *People* v. *Swift,* 270 Ill. 532, a dis-
trict of nearly sixty-seven sections, at its greatest length
being ten miles long by nine and a half miles wide, was held
valid. In *People* v. *Herrin,* 284 Ill. 368, a district embrac-
ing fifty sections and having a maximum length of nine
miles and width of seven miles, with irregular boundaries,
was regarded as compact and contiguous. In *People* v.
*Patterson,* 305 Ill. 541, a district nine and a half miles
long by eight and a half miles wide, where the school was
approximately in the center, was sustained. In *People* v.
*Drennan,* 307 Ill. 482, a district seven and a half miles long
by six and a half miles wide was held to be compact. In
*People* v. *Cowen,* 306 Ill. 330, a district seven and three-
fourths miles long by five and three-fourths miles wide,
where the school house was within a mile of the center of
the district, was held to meet the requirements of compact-
ness. In some or all of those cases it appeared from the
remote parts of the district the children were required to
travel several miles over dirt roads which crossed water-
courses, and that at times, on account of the condition of
the roads and high waters, they were rendered difficult or
impossible for travel by vehicles of any kind.

We have held the provision of the constitution requir-
ing the legislature to provide a thorough and efficient sys-
tem of free schools whereby all the children of the State

may receive a good common school education is a mandate and also a limitation on the exercise of the legislative power. The legislature has no power to provide a system which shall deny a part of the children the opportunity of obtaining a good common school education. (*People* v. *Young,* 309 Ill. 27.) It is not a lawful exercise of the constitutional power to create a district which on account of its size or other conditions will not permit the children to attend school by traveling from their homes to the school in a reasonable length of time and with a reasonable degree of comfort. (*People* v. *Young,* 301 Ill. 67.) It is impossible that in a district of any size the school house can be reached by all the children within the same length of time and with the same degree of comfort. This subject was discussed in *People* v. *Graham,* 301 Ill. 446. No district could be organized which would afford the same convenience to all the children to attend the school. Necessarily some must travel greater distances and some must travel over worse roads than others. No doubt a small number of the children in the district here under consideration will encounter some difficulties, and possibly interruptions, in attending the school, but neither the size of the district, the remoteness of any of the children from it nor their facilities for traveling to the school house are of such a character as would justify holding that it is not compact and violates the constitutional limitation on the power to create school districts.

Neither do we think the appellant's contention that the school district does not embrace one community center but embraces parts of other community centers was shown to be of a character which would afford any justification for a court to declare the district invalid.

The judgment is affirmed.
*Judgment affirmed.*