(No. 35309.—

SPAULDING SCHOOL DISTRICT No. 58 *et al.,* Appellants, *vs.* THE CITY OF WAUKEGAN, Appellee.

*Opinion filed January 22, 1960—Rehearing denied March 28, 1960.*

J. E. BAIRSTOW, of Waukegan, and GEORGE B. COLLINS, of Chicago, for appellants.

MURRAY R. CONZELMAN, of Waukegan, for appellee.

Mr. JUSTICE DAVIS delivered the opinion of the court:

The city of Waukegan, pursuant to article 7 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1957, chap. 24, par. 7—2,) filed an ordinance in the county court of Lake County expressing a desire to annex certain territory, and praying for a referendum of the electors of the area. Spaulding School District No. 58, herein called Spaulding District, and its Board of Education, as interested persons, duly filed objections to the ordinance. The trial court overruled the objections and ordered that the question of annexation be submitted to the electors, from which ruling the Spaulding District appealed. The case comes directly to this court in that the validity of a municipal ordinance is involved and the trial judge has certified that the public interest so requires. Ill. Rev. Stat. 1957, chap. 110, par. 75.

The principal question posed by this appeal is whether the territory sought to be annexed is contiguous to the city of Waukegan within the meaning of article 7 of the Revised Cities and Villages Act. The area lies to the southwest of the city and on the west has a common north-south boundary in excess of one mile, and on the north has an east-west boundary of about one-half mile, but deviates from the present city limits to the extent of an unincorporated island of 43.85 acres which is completely surrounded by the city and the area sought to be annexed. Spaulding

District argues that this island renders the area noncontiguous, and therefore invalidates the ordinance. The city, while not defending the factual accomplishment of the ordinance, asserts that the tract is nonetheless contiguous within the meaning of the statute.

At the outset we must recognize that the legislature, and it alone, has the power to permit or require the alteration of municipal boundaries by annexation or otherwise. (*Pritchett* v. *County Board of School Trustees,* 5 Ill.2d 356; *People ex rel. Dougherty* v. *City of Rock Island,* 271 Ill. 412, 419; Rhyne, Municipal Law, 1957, p. 37.) Our only duty is to construe the ordinance and the applicable statutes to determine whether the city has complied with the annexation procedure established by the legislature. At the time of the adoption of this ordinance, the legislature had provided for annexation by a municipality, by ordinance and referendum, of "Any territory which is not within the corporate limits of any municipality but which is contiguous to a municipality." Ill. Rev. Stat. 1957, chap. 24, par. 7—1.

We believe that in common parlance, as well as under adjudicated cases, the common boundary of one and one-half miles between the city and the area sought to be annexed created contiguity. In *People ex rel. Montgomery* v. *Lierman,* 415 Ill. 32, we held that a common boundary between Champaign and Urbana rendered these municipalities contiguous within the meaning of a similar statute (Ill. Rev. Stat. 1957, chap. 24, par. 6—1,) despite the fact that such cities were separated at one point by a 40-acre island much like that in the present case.

The legislature has long recognized that where one municipality adjoins another in one or more areas of its common boundaries, such municipality may be annexed to the adjoining municipality even though an isolated unincorporated area intervenes. Laws of 1913, p. 137, sec. 1; Ill. Rev. Stat. 1957, chap. 24, par. 7—13.

The legislature has acknowledged the existence of such unincorporated islands and provided that: "Whenever any unincorporated territory, containing sixty acres or less, is wholly bounded by one or more municipalities * * * such territory may be annexed by any municipality by which it is bounded in whole or in part, by the passage of an ordinance to that effect." (Ill. Rev. Stat. 1957, chap. 24, par. 7—11.) The enactment of this statute gives clear indication that the legislature did not consider the creation of such an unincorporated territory to be incompatible with the requirement of contiguity.

The intent of the legislature, as expressed by the word "contiguous," is that the territory to be annexed must have a substantial common boundary. Neither the use of a strip of land one-half mile long and 50 feet wide to connect two tracts of land to be included in the territory to be organized into a village, (*Wild* v. *People ex rel. Stephens*, 227 Ill. 556,) nor the annexation of a 75-mile network of roadways leading to a village merely because one can enter this disconnected maze from a point within the boundary of the village, complies with the statutory requirements of contiguity. (*People ex rel. Adamowski* v. *Village of Streamwood*, 15 Ill.2d 595.) In the case at bar, however, the requirement of contiguity is met by a common boundary of approximately one and one-half miles, largely in the form of streets, which separate the two areas. This creates contiguity in the common meaning of the word and within the evident intention of the legislature.

It is true, as Spaulding District points out, that in 1912 in *Village of Morgan Park* v. *City of Chicago*, 255 Ill. 190, we held that the legislature did not intend to permit cities to change their boundaries to surround an unincorporated area. We there deduced the legislative intent from the fact that a city could not be organized with an unincorporated island and therefore it could not accomplish this by a change of boundaries, but did not define the meaning of the term

adjoining or contiguous. However, at the next session of the legislature, the amendment to section 7—13 of the Revised Cities and Villages Act was enacted, making it clear that the existence of an unincorporated island between adjoining cities was no bar to the annexation of one such municipality to another where they adjoin in one or more portions of their boundaries.

Much of the school district's argument is directed at the unreasonableness and unfairness of the city's action in proposing this annexation. While we are sympathetic to such plea, it. is for the legislature to determine the method of making boundary changes within the State, and it has permitted such changes to be made by municipal ordinance followed by a referendum of the electors of the area sought to be annexed, provided only that the area is contiguous. The legislature has made no requirement of reasonableness. It has left that question to the city council and the electors, rather than to the members of this court. Since we find that the territory sought to be annexed is contiguous to the city of Waukegan within the meaning of the statute, we have no authority to question the wisdom of either the legislative enactment or the ordinance.

The Spaulding District also contends that the ordinance was not validly enacted. It urges that the notice of the special meeting at which the ordinance was passed was insufficient in that the call was not dated 24 hours prior to the meeting. We have carefully examined the original record and find ample evidence that due notice of the special meeting was received by the mayor and all the aldermen of the city more than 24 hours prior thereto; that all the acts of the council at the special meeting were ratified at the next general meeting; and that the ordinance was properly passed by the city council.

From the foregoing it appears that the trial court was correct in overruling the objections of the Spaulding District, and its judgment. should be affirmed and the cause

remanded to the county court for the purpose of fixing a date for the statutory referendum.

*Affirmed and remanded.*