(No. 38434.—

THE PEOPLE *ex rel.* COMMUNITY UNIT SCHOOL DISTRICT No. 5, Appellant, *vs.* DECATUR SCHOOL DISTRICT No. 61, Appellee.

*Opinion filed Nov. 24, 1964.—Rehearing denied Jan. 19, 1965.*

BASIL G. GREANIAS, and VAIL, MILLS, ARMSTRONG, WINTERS, & PRINCE, both of Decatur, for appellant.

MONROE & McGAUGHEY, of Decatur, for appellee.

Mr. JUSTICE HOUSE delivered the opinion of the court:

This *quo warranto* action questions the validity of annexation by the defendant, Decatur School District No. 61, of certain territory from Community Unit School District No. 5. The circuit court of Macon County entered judgment for District No. 61 and the Appellate Court, Fourth District, dismissed the appeal, holding that a validating act rendered the case moot. (44 Ill. App. 2d 375.) Our intervening order transferring the cause to the Appellate Court

was improvidently entered and we granted leave to appeal.

District No. 5 was organized under the provisions of the School Code and lies adjacent to the city of Decatur with most of its territory in Macon County. District No. 61 is a special charter district. Section 16 of its charter provides that all territory included within the corporate limits of the city of Decatur at any time shall *ipso facto* become a part of the school district. It also provided that adjoining tracts (not within the city limits) could be annexed by petition of ¾ths of the voters therein and the unanimous granting of the petition by the board of education.

The disputed territory consists of approximately 460 acres, having an assessed valuation in excess of 3½ million dollars, and is not embraced within the corporate limits of the city of Decatur. As a result of the annexation the remaining territory of District No. 5 includes three islands completely detached from each other and totally separated from the unannexed portion of the District.

At the outset we are faced with the question of whether this annexation (and its attendant separation of the remainder of the territory of the district from which the tracts were detached) is a violation of the constitutional mandate for a "thorough and efficient" system of schools prescribed by section 1 of article VIII of the constitution.

This court has consistently held that school districts must be compact, (*People ex rel. Lewman v. Moyer,* 298 Ill. 143; *People ex rel. Kastning v. Militzer,* 301 Ill. 284;) and that compactness is necessary in order to comply with the constitutional requirement that a thorough and efficient system of schools be provided. (*People ex rel. Leighty v. Young,* 301 Ill. 67; *People ex rel. Pepoon v. Farran,* 311 Ill. 87; *People ex rel. Tudor v. Vance,* 374 Ill. 415; *People ex rel. Frailey v. McNeely,* 376 Ill. 64; *People ex rel. Reich v. McCoy,* 387 Ill. 288; *People ex rel. Tuohy v. Barrington Consolidated High School Dist.* 396 Ill. 129.) Similarly many cases have recognized that the territory of a district

must be "contiguous" as well as "compact". (See *e.g. People ex rel. Leighty* v. *Young,* 301 Ill. 67; *People ex rel. Vick* v. *Kirkham,* 301 Ill. 45.) In fact, the words "compact" and "contiguous" have been treated as inseparable (if not synonomous) when considered in connection with the constitutional provision for a thorough and efficient system of schools. *People ex rel. Leighty* v. *Young,* 309 Ill. 27.

It is true that practically all of the cases referred to deal with the question of accessibility (distance, highway conditions, bridges and the like) rather than separation and isolation of territory, as here. But to confine these holdings to access only would be a very narrow reading of them. This court has consistently held that districts must be compact and contiguous in order to obey the constitutional mandate, and we are not persuaded that we should change our view.

Defendant relies heavily upon *Spaulding School Dist.* v. *City of Waukegan,* 18 Ill.2d 526. There the city annexed territory, which under its charter automatically brought the annexed area into the city school district, and resulted in the isolation of 43.85 acres from the balance of the district from which it was detached. A review of the briefs in that case discloses that the constitutional issue was neither raised nor passed upon, and consequently it is no authority upon the constitutional question here presented.

A validating act was passed by the Seventy-first General Assembly, which provided: "In all cases where, prior to the effective date of this Act, territory has been annexed to a Special Charter School District * * * by a unanimous vote of the Board of Education of such School District * * * and a map has been filed with the County Clerk * * * showing the boundaries of such territory and its annexation to said Special Charter School District, then in each such case such territory is declared validly annexed to said Special Charter School District." Ill. Rev. Stat. 1959, chap. 122, par. 407.32.

Under the views herein expressed, the validating act is

of no avail. Since the legislature could not constitutionally create a school district of noncontiguous territory (or authorize boundary changes which would leave a district with noncontiguous territory,) it follows that it cannot validate a district so created or changed.

Because of this holding it is unnecessary to discuss other points raised by the plaintiff district.

The judgments of the Appellate Court and the circuit court of Macon County are reversed, and the cause is remanded to the circuit court for the entry of a judgment for the plaintiff in accordance with this opinion.

*Reversed and remanded, with directions.*