*In re* INCORPORATION OF THE CITY OF PROSPECT HEIGHTS.—(JOHN
E. GILLIGAN *et al.*, Petitioners-Appellees, *v.* GEORGE J. PRIESTER *et al.*,
Objectors-Appellants.)

First District (3rd Division)   No. 76-49

Opinion filed December 12, 1979.

Arvey, Hodes, Costello & Burman, Herman Smity, David S. Brodnan, and
Adam E. Lewert, all of Chicago, for appellants.

Friedman & Koven and Donald J. Dreger, both of Chicago, for appellees.

Miss JUSTICE McGILLICUDDY delivered the opinion of the court:

The objectors-appellants, George J. Priester, Veta L. Priester and Waukee Realty Company, Inc. (appellants), appeal from an order entered on December 18, 1975, in the Circuit Court of Cook County directing that an election be held within the limits of the proposed City of Prospect Heights, Illinois, on the question of incorporation. The appellants argue on appeal that the boundaries of the proposed city are grossly unreasonable, arbitrary and capricious. In addition, they assert that the area sought to be incorporated is not contiguous territory as required by statute.

The Illinois Municipal Code provides in pertinent part that:

"Whenever any area of contiguous territory, not exceeding 4 square miles, and not already included within the corporate limits of any municipality has residing thereon a population of not less than 2,500 persons, including 2,000 living in immobile dwellings, it may be incorporated as a city as follows. If such area contains fewer than 7,500 residents and lies within 1½ miles of the boundary line of any existing municipality, the consent of such existing municipality must be obtained before such area may be incorporated." (Ill. Rev. Stat. 1973, ch. 24, par. 2—2—5.)

The incorporation process is commenced when 200 electors residing within the area to be incorporated file a petition with the circuit clerk of the county in which the area is situated. The petition must set forth a definite description of the lands intended to be embraced in the proposed city, the number of inhabitants residing therein, the name of the proposed city and a prayer that the question of incorporation of the proposed city be submitted to the electors residing within its limits. (Ill. Rev. Stat. 1973, ch. 24, par. 2—2—6.) If the area contains less than 7,500 residents, the petition must contain a statement that no part of the proposed city lies within 1½ miles of the boundary line of any existing municipality which has not consented to such incorporation. Ill. Rev. Stat. 1973, ch. 24, par. 2—2—6.

On February 8, 1974, the petitioners filed their petition to call an election on the question of incorporating the city of Prospect Heights. Objections to the petition were filed by various municipalities, individuals and others. George J. Priester, Veta L. Priester and Waukee Realty Company, Inc., are the only objectors who are parties to this appeal.

The appellants allege that they are the owners of approximately 270 acres of land commonly known as Pal-Waukee Airport, a publicly used airport controlled by a control tower leased by the Federal Aviation Administration. They assert that the proposed City of Prospect Heights includes a substantial portion, but not all, of their land, and they contend

that there exists no contiguity between their land and the proposed area of incorporation as required by the Municipal Code.

Subsequent to the numerous hearings on the objections of all parties, the trial court entered an order on December 18, 1975, finding that the petitioners had proved the allegations of the petition and directed that an election be held on the question of incorporating the City of Prospect Heights. It is from this order that the appellants have appealed.

The appellants first argue that the boundaries of the proposed city, which bisect Pal-Waukee Airport and thereby include only a portion of it, constitute grossly unreasonable, arbitrary and capricious action. They point out that the north boundary line of the northeast portion of the city is an artificial line which bisects two of the airport's runways. The appellants assert that this artificial boundary was arbitrarily created so that the proposed area of incorporation, consisting of 3.9 square miles, would satisfy the 4-square-mile statutory limit.

The appellants claim that placing a portion of Pal-Waukee Airport within the proposed city while leaving a portion within the unincorporated area of the county would create serious problems and confusion in the assessment and collection of use taxes and municipal retailer's occupation taxes. In addition, they foresee difficulties concerning conflicting city and county zoning and building ordinance requirements. The appellants also point out the national and local importance of the airport and characterize the attempted bifurcation of its facilities as grossly unreasonable.

The appellants cite a decision of the Idaho Supreme Court in which the court held that an annexation which bisected certain buildings of the plaintiff's drivein theater was unreasonable. The court ordered that the city must exclude the plaintiff's land from the annexation, noting that pursuant to Idaho law such an annexation must be reasonable. *Batchelder v. City of Coeur D'Alene* (1962), 85 Idaho 90, 375 P.2d 1001.

■■ Illinois courts, however, have not required reasonableness in annexation proceedings. In *Spaulding School District No. 58 v. City of Waukegan* (1960), 18 Ill. 2d 526, 165 N.E.2d 283, the school district objected to a proposed annexation of certain territory to the City of Waukegan. After determining that the requirement of contiguity was satisfied, the supreme court addressed the school district's argument that the proposed annexation was unreasonable and unfair. Although the court expressed sympathy with the school district's argument, it noted that the legislature had not enacted a requirement of reasonableness, but had left that question to the city council and the electors rather than the courts. The court explained that:

> "Since we find that the territory sought to be annexed is contiguous to the city of Waukegan within the meaning of the statute,

we have no authority to question the wisdom of either the legislative enactment or the ordinance." 18 Ill. 2d 526, 530.

In *In re Annexation to Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 261 N.E.2d 746, the court directed the trial court to grant a petition for annexation which included a portion of the objectors' farm. The court admitted that the objectors' argument, that it was unjust to permit annexation of a portion of the farm, had considerable persuasion. However, citing *Spaulding*, the court acknowledged that the legislature had provided no requirement of reasonableness.

We disagree with the appellant's conclusion that the *Spaulding* decision was discredited by the supreme court's subsequent decision in *People ex rel. Community Unit School District No. 5. v. Decatur School District No. 61* (1964), 31 Ill. 2d 612, 203 N.E.2d 423. The issue before the court in *Decatur* was whether the annexation of certain territory by the Decatur School District from another school district violated the constitutional mandate for a "thorough and efficient" system of schools prescribed by section 1 of article VIII of the Illinois Constitution of 1870. The only reference to *Spaulding* in the opinion was the court's comment that contrary to the defendant's argument, the *Spaulding* decision was of no authority for *Decatur* since the constitutional issue in *Decatur* involving a "thorough and efficient" system of schools was not an issue in *Spaulding*. This comment in no way questioned the soundness of the *Spaulding* decision.

The appellants state that the supreme court has never hesitated to foreclose action which it considered arbitrary and cite *Wild v. People ex rel. Stephens* (1907), 227 Ill. 556, 81 N.E. 707, and *People ex rel. Adamowski v. Village of Streamwood* (1959), 15 Ill. 2d 595, 155 N.E.2d 635, as support for their argument. However, in both of these cases the court's action was based on the failure to satisfy the statutory requirement of contiguity.

Appellant's reliance on *City of Belleville v. St. Clair County Turnpike Co.* (1908), 234 Ill. 428, 84 N.E. 1049, is also misplaced. In this case the court determined that the trial court erred in granting an injunction restraining the turnpike company from maintaining and collecting tolls on a recently annexed strip of toll road. The court found this action to be a taking of private property without due process of law. However, the court specifically stated that nothing in the opinion was intended to question or decide the legality of the annexation.

■■ Although we may agree with the appellants that the inclusion of a portion of Pal-Waukee Airport within the boundaries of Prospect Heights in unreasonable, the incorporation provisions of the Municipal Code and case law interpreting the statute set forth no requirement of reasonableness.

The appellants also argue that the proposed City of Prospect Heights does not consist of contiguous territory as required by the Municipal Code. The proposed boundaries of Prospect Heights include two large sections of land which are connected by a parcel of land commencing at the intersection of Camp McDonald Road and Wolf Road. The narrowest point of this connection is 200 feet, of which 50 feet is roadway.

■■■ The test applied to determine if territory is contiguous is whether there is a touching or adjoining in a reasonably substantial physical sense. (*People ex rel. Hanrahan v. Village of Wheeling* (1976), 42 Ill. App. 3d 825, 356 N.E.2d 806; *In re Annexation of Village of South Barrington* (1972), 7 Ill. App. 3d 958, 289 N.E.2d 1; *In re Annexation of Village of Buffalo Grove* (1970), 128 Ill. App. 2d 261, 261 N.E.2d 746.) Although point-to-point touching, known as cornering, is generally not sufficient (*Western National Bank v. Village of Kildeer* (1960), 19 Ill. 2d 342, 167 N.E.2d 169), irregularity of the boundaries in itself is not a fatal defect. (*Kildeer*; *South Barrington*.) The line of demarcation between the reasonableness and unreasonableness of a contiguity must be drawn from the facts of each individual case. The trial court's finding of contiguity will not be disturbed unless it is manifestly against the weight of the evidence. *Wheeling*; *Buffalo Grove*.

The appellants state that the use of the 200-foot section to connect the two larger areas of territory is repulsive to the notion of contiguity. However, in *People ex rel. Gray v. Village of Hawthorn Woods* (1960), 19 Ill. 2d 316, 167 N.E.2d 176, the validity of the incorporation of the *Village of Hawthorn Woods* was also challenged for failure to satisfy the requirement of contiguity. The supreme court determined that although two large areas of land had a connecting common boundary for a distance of only 128.7 feet, the mandate of contiguity was satisfied.

The appellants also point out that the southwest corner of the eastern section of land narrows into a strip for approximately one-half mile to the point of connection with the western section of land. The width of this strip is approximately 675 feet; however, midway along the strip for a distance of about 175 feet its width narrows to about 410 feet. The appellants assert that the joinder of widely separated areas by a strip or corridor has always been condemned per se by our courts.

We do not believe that this one-half mile section of land is a strip or corridor as referred to in the cases cited by the appellants. In *Wild v. People ex rel. Stephens* (1907), 227 Ill. 556, 81 N.E. 707, the connecting strip of land was, as it is in the instant case, one-half mile long. However, the width of the strip in *Wild* was merely 50 feet. Likewise, in *In re Annexation of City of Springfield* (1967), 85 Ill. App. 2d 191, 228 N.E.2d 755, the connecting strip was 2640 feet long and only 40 feet wide.

The additional cases cited by the appellants (*People ex rel.*

*Adamowski v. Village of Streamwood* (1959), 15 Ill. 2d 595, 155 N.E.2d 635; *People ex rel. Marre v. Countryside Sanitary District* (1972), 5 Ill. App. 3d 747, 284 N.E.2d 308; *People ex rel. Coojar Realty Corp. v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 203, 225 N.E.2d 39) involved attempts to annex roadways without any adjacent land. These cases were decided pursuant to the principle that in order for a roadway to be contiguous for the purposes of annexation, it must be adjacent to and parallel to the existing municipality. These cases are distinguishable from the instant case.

■■ The trial court's determination that the proposed City of Prospect Heights consists of contiguous territory is not against the manifest weight of the evidence.

For the foregoing reasons, the judgment of the Circuit Court of Cook County is hereby affirmed.

Affirmed.

McNAMARA and RIZZI, JJ., concur.