(No. 35010.—■■■■■■■■■)

THE PEOPLE *ex rel.* Benjamin S. Adamowski, State's Attorney, Appellee, *vs.* THE VILLAGE OF STREAMWOOD, Appellant.

*Opinion filed January 23, 1959.*

Howard S. Taft, of Chicago, for appellant.

Benjamin S. Adamowski, State's Attorney, of Chicago, (Francis X. Riley, and Edwin A. Strugala, of counsel,) for appellee.

Mr. Justice Hershey delivered the opinion of the court:

In 1955 the legislature amended section 7—8 of the Revised Cities and Villages Act and, in so doing, deleted certain language in that section. Prior to amendment, the

section read as follows: "Any municipality by ordinance may annex any territory contiguous to it even though the annexed territory is dedicated or used for street or highway purposes *if a portion of the street or highway is already within the annexing municipality* and if no part of the annexed territory is within any other municipality. After the passage of the ordinance of annexation a copy of the ordinance, with an accurate map of the territory annexed, certified as correct by the clerk of the municipality, shall be filed with the recorder of deeds of the county in which the annexed territory is situated." (Ill. Rev. Stat. 1953, chap. 24, par. 7—8.) The amendment, by deleting the italicized words, seemingly removed the prior requirement that a part of the street or highway be within the annexed municipality.

In November of 1957 the defendant, the village of Streamwood, purported to annex some 75 miles of roadways in the general vicinity of the village, but only a small fraction of the roadways allegedly annexed ran through the village or were contiguous to the village in the sense that the annexed roadway was contiguous to and parallel with the then village limits.

In January of 1958 the village purported to annex a subdivision called "Pheasant Knolls," which lies several miles east of the village limits and which was, in fact, contiguous to another municipality. The subdivision allegedly annexed in January is connected to the annexing defendant municipality only by one of the roadways purportedly annexed in November of 1957.

The roadways involved in the annexation ordinance that were within the municipal boundaries of the defendant village or were adjacent to and parallel with the boundaries of the village are not involved in this proceeding. The vast majority of the 75 miles of roadway had no connection to the village whatsoever other than the fact that they were

connected to roadways that eventually intersected with roadways that could be traveled to the village.

The series of annexation ordinances passed by the defendant produced an alleged addition to the municipal territory of the defendant, consisting of strips of roadways running in all directions from the village, creating a spider's-web effect and leaving vast areas of unincorporated territory totally surrounded by the roadways but otherwise totally unconnected with the defendant village.

The State's Attorney of Cook County instituted an action in *quo warranto* to oust the defendant village from exercising any governmental control over the territory thus allegedly annexed, contending that the territory purportedly annexed lacked the requisite contiguity within the meaning of the statutory provision above referred to and that the ordinances were void. The defendant village filed its answer, admitting the annexation of the territory, and denied the invalidity of the annexation, asserting the alleged annexation by the city was pursuant to the statutory provision above quoted.

The answer further asserted that the annexed territory was contiguous to the village and set out, as an affirmative defense, an allegation that the territory was valuable to the municipality by reason of its adaptability for prospective municipal purposes, and that the territory not annexed but within the network of roadways annexed would soon have available to them water, sewer, and other utilities, and that the annexation was for the purpose of protecting the village against the establishment of facilities likely to create a blighted area.

The plaintiff moved to strike the answer and asked for judgment. The motion alleged the insufficiency of the answer in that it failed to allege any statutory basis for the annexation, and again alleged that the ordinances in question were unreasonable, void and of no effect.

The defendant village thereupon filed a motion to strike the plaintiff's motion, alleging that.it did not specify wherein the answer was insufficient and other grounds.

The trial court sustained the plaintiff's motion to strike the defendant's answer, and, the defendant having elected not to plead further, the court entered an ordered of ouster of the defendant from the territory annexed. The trial court record contains a certificate of the trial judge that the case involves the validity of a municipal ordinance and that any appeal from its judgment should be taken directly to this court.

It is first contended by the defendant that the only question presented by this appeal is the sufficiency of its answer and that, therefore, there is no basis for jurisdiction by this court on direct appeal. We do not agree.

This proceeding was instituted for the purpose of ousting the defendant village from any exercise of governmental powers over the territory allegedly annexed by ordinances. The question put in issue was the validity of the ordinances, and the judgment of the trial found the municipal ordinances involved to be invalid. That result was reached only incidentally because the court determined that the answer of the defendant was insufficient. As we said in *Whitsel* v. *County of Cook*, 4 Ill.2d 269: "Invalidity of the ordinance was the primary object of the suit. It is the result sought and the effect of the judgment, rather than the method whereby it is attained, that determines the matter of jurisdiction."

The defendant village places much emphasis on its contention that, since the plaintiff elected to plead specifically in its complaint, there was no need for it to justify its action by answer.

While section 3 of the Quo Warranto Act (Ill. Rev. Stat. 1957, chap. 112, par. 11,) does provide for an answer or presentation of a motion, as in other civil actions,

where the complaint expressly sets forth the basis for the attack on the defendant's claimed right, that provision is of no assistance to the defendant here. There can be no justification for the annexation of territory in the absence of statutory authorization therefor, and when there is no such authorization, an ordinance purporting to annex territory is a nullity. *People ex rel. Universal Oil Products Co. v. Village of Lyons*, 400 Ill. 82.

A specific pleading of facts, in an effort to justify the exercise of governmental powers, in response to a challenge of the exercise of that power, can only present the legal question as to the validity of the annexation. Strained interpretations on technical pleading points are not, therefore, of any help to the defendant.

The complaint specifically charged the enactment of the annexation ordinances, the exercise of governmental power over the annexed territory, that the territory was not contiguous to the village, and that the annexation ordinances were invalid. The answer, in turn, admitted the enactment of the annexation ordinances, denied the exercise of any governmental power, and asserted the validity of the ordinances on the theory that the territory as annexed was contiguous.

The pleadings thus expressly and directly placed in issue the legal question of the validity of the ordinances. No factual questions were presented for determination, and the narrow legal issue presented was obviously the basis for the decision of the court below. We view this case, therefore, as one involving only the question of the legality of the annexation ordinances under section 7—8 of the Revised Cities and Villages Act, hereinabove set forth, as amended in 1955. The complaint did not, nor did the judgment order, concern itself with territory in certain of the ordinances involving roadways that were contiguous to the city, in the sense that the same were adjacent to the

city and annexed only to the extent that they were co-extensive with the village limits.

The law, as above quoted, provides for the annexation of territory, even if it is dedicated for street or highway purposes, if the territory is contiguous to the municipality and is not part of any other municipality. The word "contiguous," as used in that statute, must be defined in keeping with what was the obvious intention of the legislature, which was to make it permissible for a municipality to annex a roadway where, for example, a roadway separates a municipality from territory just the other side of the roadway, which the municipality needs for existing municipal purposes and for natural growth, even though no part of the roadway already lies within the municipality. Contiguous, for any reasonable interpretation of section 7—8 of the Revised Cities and Villages Act, must mean contiguous in the sense of adjacent to and parallel to the existing municipal limits and cannot, under any circumstances, permit a municipality by annexation ordinances to grab a whole maze of roadways, circumscribing and choking off unincorporated areas and causing them to be completely surrounded by a maze of roadways annexed to a municipality.

To condone the unnatural and obviously unreasonable annexation as attempted by the defendant village in this case, would require us to permit strip or corridor annexation, which has always been condemned by the courts of this State and has never been permitted by the legislature. *Wild* v. *People ex rel. Stephens,* 227 Ill. 556; *Village of Morgan Park* v. *City of Chicago,* 255 Ill. 190.

The judgment of the circuit court of Cook County was correct, and it is affirmed.

*Judgment affirmed.*