**The People of the State of Illinois ex rel. Coojar Realty Corporation, Plaintiff-Appellee, v. Village of Burr Ridge, a Municipal Corporation, Defendant-Appellant.**

**Gen. No. 66–128.**

Second District.

March 29, 1967.

Hooper, Bowers, Calkins and Carney, of Downers Grove, for appellant.

Rathje, Woodward & Dyer Associates, of Wheaton, William V. Hopf, State's Attorney of DuPage County, of Wheaton, and Kevin P. Connelly, Assistant State's Attorney, for appellee.

MR. JUSTICE SEIDENFELD delivered the opinion of the court.

A quo warranto proceeding was filed by relator to challenge the annexation of relator's property to the Village of Burr Ridge, pursuant to leave granted by the trial court. Leave was given to the State's Attorney of DuPage County to intervene for the State of Illinois as an additional relator praying for an order of ouster as to a portion of U. S. Route 66 (now I-55). Both

petitions allege the illegality of a previous annexation in 1961 of that highway by the Village.

The cause was heard in the trial court on the basis of a stipulation of facts. Chronologically, the Village had first annexed a portion of Route 66 continuing beyond its then borders in a southwesterly direction for a distance of approximately one-half mile with a width of approximately 300 feet as it adjoined the Village boundaries. In 1966 the Village had annexed certain territory lying to the east and west of relator's property, using Route 66 as a base for the annexation. Thereafter the Village annexed the 126.5-acre Coojar property as wholly surrounded (except for a two-lot portion, which the Village argues is de minimis).

The trial court's decree found that the 1961 annexation of then U. S. Route 66 was invalid as a "strip" or "corridor" annexation; that the annexation of the subject property abutting thereon was thereby invalidated; and entered a judgment of ouster as prayed by the State.

This appeal raises the no longer novel question of the meaning of the term "contiguous" as used in section 7–1–10 of chapter 24 of the Illinois Revised Statutes (1961):

> "Any municipality by ordinance may annex any territory contiguous to it even though the annexed territory is dedicated or used for street or highway purposes under the jurisdiction of the Department of Public Works & Buildings of the State of Illinois, or a county or township highway department . . ."

The position of the Village on this issue is that the statute does not forbid a highway annexation although it results in adding a "strip" or a "corridor" of property to the village; that the only restriction is the requirement of "contiguity," and that "contiguity" has been found in

both annexation and disconnection precedents wherein the "strip" is of even lesser width than the 300-foot width of the highway here; that the court in each case, under its particular circumstances, can determine whether such areas are "reasonably contiguous."

This court is of the opinion, however, that cases dealing with annexation and disconnection of privately owned tracts which are neither streets nor highways cannot decide this case. There are precedents which deal directly with street and highway annexations which we cannot disregard.

The Illinois Supreme Court in People ex rel. Adamowski v. Village of Streamwood, 15 Ill2d 595, 601, 155 NE2d 635, has defined "contiguous" as applied to annexation of streets projecting beyond the limits of a municipality:

> "The word 'contiguous' . . . must be defined in keeping with what was the obvious intention of the legislature, which was to make it permissible for a municipality to annex a roadway where, for example, a roadway separates a municipality from territory just the other side of the roadway, which the municipality needs for existing municipal purposes and for natural growth, even though no part of the roadway already lies within the municipality. Contiguous . . . must mean contiguous in the sense of adjacent and parallel to the existing municipal limits . . ."

While that case involved strips of roadway running in all directions from the village, the language of the opinion, we believe, equally clearly condemns annexation of any roadway which is not adjacent and parallel to a municipality's boundaries. Such annexation is a forbidden "strip or corridor" annexation.

A similar kind of roadway annexation was held invalid by this court in People ex rel. Nash v. City of Loves Park, 59 Ill App2d 297, 207 NE2d 490 (abstract).

 

Any doubt that the annexation of just one roadway was to be distinguished from annexation of numbers of roadways was dispelled by the Illinois Supreme Court in People ex rel. Village of Worth v. Ihde, 23 Ill2d 63, 69, 177 NE2d 313, by the court's statement:

> ". . . these properties were contiguous with Worth only by reason of its 1956 annexation of Southwest Highway for a distance of approximately one-half mile beyond the village boundaries, and the validity of their inclusion is entirely dependent upon the propriety of the highway annexation. We had occasion to recently consider a similar situation in People ex rel. Adamowski v. Village of Streamwood, wherein we held that such annexation of highways beyond the corporate limits did not satisfy the requirement of contiguity . . ."

While the divided opinion of the same court in People ex rel. Village of South Barrington v. Village of Hoffman Estates, 30 Ill2d 385, 198 NE2d 97, may appear to give some support to the Village here, in that the annexation of a road bridging a toll road was upheld although it projected beyond village boundaries, we do not believe that the court intended to retreat from the clear position it had taken in the Streamwood and Ihde cases (supra). Unlike those cases, the court in Hoffman was not dealing with an effort by a municipality to extend a strip or corridor into unincorporated territory for purposes of future growth. There a toll road which, by statute, could not be annexed, although parallel and adjacent to the village boundaries, would have prevented any further growth of the village in a direction and into an area in which it was already furnishing municipal functions, and to which it was connected over an almost three-mile common boundary, which, but for the slash of the toll road, would have constituted a clearly contiguous area. The court did not expressly, nor by any fair implication,

reverse its findings in the Streamwood, nor in the Ihde cases, which we believe to be controlling precedents under the circumstances of this case.

While there may be circumstances under which a municipality may have relief from the interposition of an artificial barrier which it may never otherwise surmount, this is not authority for its affirmative effort to extend its restraint of ordinary development of an unincorporated area solely by the mechanism of a roadway which it seeks to project beyond its borders with an eye to the future.

■ The annexation of relator Coojar's property here is dependent on the validity of the prior annexation of the portion of Route 66 projecting beyond its borders. We hold that such roadway annexation as here attempted is invalid.

■■ We have considered the argument of the Village that the relators are barred from asserting the invalidity of the highway annexation under the doctrine of Laches. We agree that consideration of this defense is not foreclosed by the filing of relator's suit within the time provided by the applicable Statute of Limitations (c 24, § 7–1–46, Ill Rev Stats (1965)). Under the facts stipulated in this case and without a showing of inconvenience or public detriment, the trial court acted within its discretionary powers in issuing the Writ of Quo Warranto and the judgment of ouster. Relator Coojar acted within 36 days of the purported annexation of its property. The village did not, and could not, exercise any control over the highway and was not damaged by its ouster. These facts distinguish this case from People ex rel. Lindsey v. Board of Education, 3 Ill2d 159, 120 NE2d 887, cited by the Village. See Anno 26 ALR2d 828, 842–845.

We do not find it necessary to rule on the failure to secure the consent of the Governor as to a portion of

the roadway owned in fee by the State of Illinois; nor to rule relative to the comparatively small gap in the boundaries of one of the sides of the property in question. The judgment of the trial court is affirmed.

Affirmed.

DAVIS and MORAN, JJ., concur.