THE PEOPLE *ex rel.* JOHN J. BOWMAN, State's Attorney for Du Page County, Plaintiff-Appellee, *v.* THE VILLAGE OF BENSENVILLE, Defendant-Appellant.

Second District    Nos. 77-121, 77-122 cons.

Opinion filed October 19, 1978.

Ray W. Fick, Jr., of Herrick, McNeill, McElroy & Peregrine, of Chicago, for appellant.

J. Michael Fitzsimmons, State's Attorney, of Wheaton (Malcolm F. Smith and John A. Davidovich, Assistant State's Attorneys, of counsel), for appellee.

Mr. JUSTICE GUILD delivered the opinion of the court:

This consolidated appeal arises from two separate quo warranto complaints brought by the State's Attorney of Du Page County against the

Village of Bensenville, requiring that the defendant show by what authority it exercised jurisdiction over a portion of Church Road as well as a portion of Hickory Street. The defendant answered that it had properly annexed the roads in question by ordinance, as authorized by section 7—1—10 of the Illinois Municipal Code (Ill. Rev. Stat. 1973, ch. 24, par. 7—1—10). After hearings the trial court entered orders on November 8, 1976, finding that the annexations were void, *ab initio*. Defendant appeals.

■■ The record before us is confused as to precisely what territory was involved in each proceeding. In case 77-121 the complaint questioned only the defendant's jurisdiction over that stretch of Church Road which the defendant's annexation ordinance referred to as "Parcel Three" (see Figure "A").

Two other parts of Church Road, "Parcels 1 and 2," which do not appear on Figure "A" were annexed at the same time as Parcel Three and the defendant's jurisdiction over them was not challenged. However, in this quo warranto proceeding the order of November 8 found that the annexation of all three parcels was void. Those portions of the order in No. 77-121 finding that the annexation of Parcels 1 and 2 were void are in error. The trial court obviously did not have jurisdiction as to these parcels. We summarily reverse that portion of the order which leaves the question of the propriety of the annexation of Parcel Three for our consideration.

In case 77-122 the plaintiff challenged the defendant's jurisdiction only over that stretch of Hickory Street which we have labeled "Part 2" (see Figure "B").

The defendant's answer related to both of the portions which we have labeled "Part One" and "Part Two" as a single unit. However, the trial

court's order in 77-122 found only the annexation of "Part 2" to be void. Accordingly we will consider only that section on this appeal.

The diagrams filed with this opinion accurately reflect the relative locations of the disputed territory and are self-explanatory. In each case it is clear from those diagrams that the challenged portion of territory is not immediately parallel to the defendant's boundaries with the sole exception of the width of the roads at either end. It is also clear that no known legal or physical impediment existed to the annexation of the unincorporated territory lying between the roads and the village.

■■ The sole issue on this appeal is whether a road which touches the boundaries of a municipality only at its end points, and runs parallel but not adjacent to a boundary line of that municipality, is contiguous and qualified for annexation by that municipality.

In the leading case of *People ex rel. Adamowski v. Village of Streamwood* (1959), 15 Ill. 2d 595, 155 N.E.2d 635, our supreme court held that roads annexed under section 7—1—10 which touched a defendant municipality only at one end, and which were not both adjacent and parallel to the village boundary were legislatively unauthorized and judicially condemned "strip" or "corridor" annexations. In the case at hand the defendant contends that the touching of the roads to its boundaries at two end points distinguishes this situation from *Streamwood.* We disagree. In our view, to hold that contiguity exists in the instant case solely because of a touching of two end points would be to hold that $0 + 0 = 1$. Such an equation is neither legally nor mathematically reasonable. In regard to the issue of contiguity see also the opinion of this court in *People ex rel. Coojar Realty Corp. v. Village of Burr Ridge* (1967), 81 Ill. App. 2d 203, 225 N.E.2d 39. See also *Wescom, Inc. v. Woodridge Park District* (1977), 49 Ill. App. 3d 903, 364 N.E.2d 721.

The village has also contended that there is a legitimate municipal purpose for these roadway annexations. This may well be true. However, the record is clear that the defendant made no attempt whatsoever to annex the unincorporated territory lying between itself and the roads involved herein. In our opinion the statutes and case law require that the defendant annex those lands before it annexes the roads. This may be neither efficient nor convenient, but it is the law.

The trial court order in case 77-121 is affirmed as to "Parcel Three" and reversed as to "Parcels One and Two"; the order of the trial court in case 77-122 is affirmed.

Affirmed in part and reversed in part.

SEIDENFELD, P. J., and NASH, J., concur.