THE PEOPLE *ex rel.* VILLAGE OF HAZEL CREST, Plaintiff-Appellant, v. THE VILLAGE OF HOMEWOOD, Defendant-Appellee.

First District (4th Division)   No. 83—763

Opinion filed April 4, 1985.

Ancel, Glink, Diamond, Murphy & Cope, P.C., of Chicago (John B. Murphey and Joel S. Hymen, of counsel), for appellant.

Walter D. Cummings, Ltd., of Homewood (Walter D. Cummings, of counsel), for appellee Village of Homewood.

Oscar P. Chiappori, of Chicago (Sidney Z. Karasik, of counsel), for appellee Calumet Country Club, Inc.

JUSTICE ROMITI delivered the opinion of the court:

This is a *quo warranto* action brought on the relation of village of Hazel Crest to challenge the village of Homewood's 1980 annexation of a 125-acre parcel commonly known as the Calumet Country Club. The circuit court of Cook County granted Homewood's motion for summary judgment and Hazel Crest has appealed, contending: (1) Homewood should have been barred by the applicable statute of limitations from challenging the validity of Hazel Crest's 1958 annexation of a portion of 175th Street, an annexation which, if valid, would have rendered Homewood's subsequent annexation of the subject property

invalid as an annexation of noncontiguous land; (2) Homewood should be estopped and barred by *laches* from attacking that 1958 annexation; (3) the 1958 annexation was valid.

We affirm.

As can be seen from the diagram included in this opinion the subject property in 1958 was bounded on the north and east by Hazel Crest. Directly to the west was a parcel of land referred to by the parties as the Rockwell property, unincorporated at the time but annexed in 1972 by Hazel Crest. Hazel Crest bounded the Rockwell property to the west and north. Homewood lies generally south of the subject property, with 175th Street running in an east-west direction between the subject property and Homewood.

On April 22, 1958, Hazel Crest passed an ordinance annexing certain streets and highways as indicated on the diagram. The annexed portions of 167th Street, Park Avenue, 171st Street, Dixie Highway, and Kedzie Avenue were all either on the perimeter of Hazel Crest or, in the case of Park Avenue, within its territory. To the south Hazel Crest annexed 175th Street from Kedzie Avenue on the west to Dixie Highway on the east. As indicated on the diagram, a substantial portion of 175th Street as annexed (3,248 feet out of 7,732 feet, or 42%) did not border on Hazel Crest.

In 1927 a plat of subdivision of a portion of Homewood was recorded with the Cook County recorder of deeds showing the south half of 175th Street adjoining the subject property to be in Homewood. The record contains no ordinance reflecting such an annexation. In 1961 Homewood adopted an ordinance annexing the north half of 175th Street adjacent to the subject property.

In 1968 a dispute arose between Hazel Crest and Homewood concerning which municipality had jurisdiction over 175th Street from Rockwell to Dixie Highway, thus including all of 175th Street adjoining the Rockwell property and the subject property. Hazel Crest communicated to Homewood the opinion of Hazel Crest's attorney that the 1958 annexation by Hazel Crest was valid at least as to the northern half of the street, and that Homewood's subsequent annexation of that northern half was void. The attorney also noted that Hazel Crest's annexation precluded Homewood from annexing the property north of 175th Street. Homewood's attorney concluded that the 1958 annexation was void as to all of 175th Street adjoining the subject property and the Rockwell property because the south side of the street was already part of Homewood and because Hazel Crest's annexation extended beyond its borders in a manner violating the *Streamwood* doctrine. (*People ex rel. Adamowski v. Village of Streamwood* (1959), 15 Ill. 2d 595, 155 N.E.2d 635.) Homewood's attorney also noted that Hazel Crest's annexation would preclude a future annexation of the subject property by Homewood, and he recommended that Homewood take legal action if the villages could not settle the dispute. Hazel Crest then proposed that both villages void their existing ordinances annexing the pertinent portions of 175th Street and then pass new ordinances in which Hazel Crest would annex the northern half and Homewood would annex the southern half. Homewood declined this offer, stating in a letter from its village manager that the present situation presented no major problems and none were anticipated in the future.

Hazel Crest has alleged in its complaint that since 1969 it has spent "many thousands of dollars" to provide municipal services to the northern half of 175th Street pursuant to a maintenance agreement with the State of Illinois. These services included pavement patching, shoulder repair and grading, drainage maintenance, weed cutting, removal of debris, snow plowing, ice control, and street sweeping. Attached to the complaint is a contract with the State providing that Hazel Crest would undertake such services and also providing for reimbursement of Hazel Crest's expenses by the State up to an amount of $1600.33 for the period covered, June 9, 1969, to June 30, 1970.

On March 11, 1980, the Calumet Country Club filed a petition seeking annexation of the subject property by Homewood and subsequently Homewood adopted an ordinance annexing the subject property and "all adjacent publicly dedicated roadway right-of-way contiguous thereto not now within the Village of Homewood." Hazel Crest then filed this action, asserting that Homewood's annexation was invalid because, by virtue of Hazel Crest's 1958 annexation of the pertinent portions of 175th Street, the subject property was not contiguous to Homewood, as required by statute. (Ill. Rev. Stat. 1983, ch. 24, par. 7—1—8.) Homewood in turn challenged the validity of that 1958 annexation and after both parties had filed motions for summary judgment the trial court granted summary judgment for Homewood.

## I

We find no merit to Hazel Crest's contention that the applicable statute of limitations bars Homewood from challenging the validity of Hazel Crest's 1958 annexation. That statute provides:

"Neither the People of the State of Illinois nor any person, firm or corporation, public or private, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final or within one year of the effective date of this amendatory Act of 1965 whichever date occurs latest. This amendatory Act of 1965 shall apply to annexations made prior to the effective date of the Act as well as those made on or after the effective date. Where a limitation of a shorter period is prescribed by statute such shorter limitation applies. The limitation set forth in this section shall apply to any annexation, even where the judge, body or officer annexing the territory did not at the time of such annexation have jurisdiction of the subject matter, and irrespective of whether such annexation may otherwise be defective or void, *except that the limitation of this Section shall not apply to annexations of territory which was not contiguous at the time of annexation and is not contiguous at the time an action is brought to contest such annexation.*" (Emphasis added.) Ill. Rev. Stat. 1983, ch. 24, par. 7—1—46.

The central issue in this cause is precisely whether the pertinent part of 175th Street was contiguous to Hazel Crest at the time of the 1958 annexation, and therefore the one-year limitation is not applicable.

## II

■ We next consider Hazel Crest's contention that Homewood should be barred on grounds of *laches* and estoppel from challenging the validity of the 1958 annexation. In considering this contention, we note that these doctrines are to be invoked against municipalities engaged in the exercise of their governmental functions only in extraordinary circumstances. *Haeflinger v. City of Wood Dale* (1984), 129 Ill. App. 3d 674.

■ Hazel Crest's contention is premised in part on the assertions that Homewood did not dispute the validity of Hazel Crest's 1958 annexation until this action was brought in 1980 and that in fact Homewood indicated acquiescence to Hazel Crest's actions during the 1968 jurisdictional dispute between the villages. We find these assertions to be incorrect. The record establishes that in 1961 Homewood annexed the northern half of 175th Street, clearly indicating that Homewood considered Hazel Crest's prior annexation to be invalid. And in 1968, when the villages had a jurisdictional dispute over the street, Homewood turned down a Hazel Crest proposal that would have in effect validated Hazel Crest's claim to the northern half of the street. Despite this refusal Hazel Crest then entered into a maintenance contract with the State resulting in its expenditure of an undetermined amount of money which it now cites as a basis for estoppel of Homewood. Under these circumstances we do not find that Homewood's conduct was such as to reasonably cause Hazel Crest to act to its detriment and therefore we find no basis for estoppel to be invoked. *Lincoln-Way Community High School District 210 v. Village of Frankfort* (1977), 51 Ill. App. 3d 602, 367 N.E.2d 318.

■ As for *laches*, before that doctrine can be invoked there must be an unreasonable delay in asserting a right by the party against whom the doctrine is asserted. (*Kozak v. Retirement Board* (1981), 99 Ill. App. 3d 1015, 425 N.E.2d 1371.) Here, as Homewood has noted in its brief, the Calumet Country Club could have at any time sought annexation by Hazel Crest, an action which would have been unaffected by the validity of the 1958 annexation of 175th Street. It was only when the club sought annexation by Homewood, and Hazel Crest sought to challenge the ensuing annexation, that Homewood had a reason to challenge the 1958 annexation. We do not find it unreasonable that Homewood declined to take court action earlier, especially in light of the prior actions taken by Homewood that did establish the village's position on the validity of the 1958 annexation. Accordingly, we find that the trial court did not err in finding that the doctrines of *laches* and estoppel should not bar Homewood from challenging the

validity of the 1958 annexation in this cause.

## III

■ The principal substantive issue before us is whether Hazel Crest's 1958 annexation of 175th Street violates the *Streamwood* doctrine. (*People ex rel. Adamowski v. Village of Streamwood* (1959), 15 Ill. 2d 595, 155 N.E.2d 635.) In that case the village of Streamwood had annexed approximately 75 miles of roadways, all but a small fraction of which:

"[ran] in all directions from the village, creating a spider's web effect and leaving vast areas of unincorporated territory totally surrounded by the roadways but otherwise totally unconnected with the *** village." (15 Ill. 2d 595, 598, 155 N.E.2d 635, 636.)

The village subsequently annexed a subdivision which lay several miles from the village limits, contiguous to another municipality, and connected to Streamwood only by one of the noncontiguous roadways previously annexed. The court held that the statute permitting the annexation of territory, including streets or highways, if the territory was contiguous to the annexing municipality:

"must mean contiguous in the sense of adjacent to and parallel to the existing municipal limits and cannot, under any circumstances, permit a municipality by annexation ordinances to grab a whole maze of roadways, circumscribing and choking off unincorporated areas and causing them to be completely surrounded by a maze of roadways annexed to a municipality." (15 Ill. 2d 595, 601, 155 N.E.2d 635, 638.)

Accordingly the court affirmed the circuit court's judgment that these annexations were, as a matter of law, void. In doing so, the court expressly noted that the cause was not concerned with those portions of the annexed roadways that were adjacent to the village and co-extensive with the village limits.

In *People ex rel. Bowman v. Village of Bensenville* (1978), 64 Ill. App. 3d 857, 381 N.E.2d 1170, the court had before it two separate roadway annexations, each involving roads which touched the boundary of a municipality only at both endpoints and which had the effect of enclosing unincorporated territory. The appellate court held that under the *Streamwood* doctrine these roadways were not contiguous and therefore the annexations were invalid. The court noted that the municipality had made no attempt to first annex the unincorporated territory lying between it and the roadways. The municipality had also apparently annexed roadways which were adjacent and parallel

to its territory, but the court did not take into consideration those annexations, focusing only on the noncontiguous portions.

In this cause, the challenged annexation also is of a roadway that touches the municipality only at its endpoints, running parallel but not adjacent to the municipality's boundaries and having the effect of completely cutting off and surrounding an unincorporated area. Although the subject property was apparently large enough to preclude a forcible annexation by Hazel Crest (Ill. Rev. Stat. 1983, ch. 24, par. 7—1—13), nothing in this record establishes that Hazel Crest ever sought to voluntarily annex the subject property before attempting the annexation which completely enclosed the property within Hazel Crest's borders. Hazel Crest has contended that the annexation was part of a broader annexation scheme aimed at obtaining control over its bordering roadways. But that purpose could have been accomplished without annexing the portion of roadway at issue here, which of course did not border on Hazel Crest.

Hazel Crest has also contended that the case of *People ex rel. County of St. Clair v. City of Belleville* (1981), 84 Ill. 2d 1, 417 N.E.2d 125, should control the outcome of this cause. There the challenged annexation was of a strip of railroad right-of-way that adjoined the city's southern border for 1,158 or 1,350 feet (both figures are used in the opinion) and then projected beyond that border for 1,800 feet. The court held that the annexation was valid under *Streamwood*, but in doing so was apparently under the impression that the strip extended beyond the city's border only several hundred feet. (84 Ill. 2d 1, 13, 417 N.E.2d 125, 131.) Furthermore, the holding would appear to be *dictum*, because the court also held that in any event the annexation ordinance was invalid because it failed to meet certain notice and accuracy requirements. Most importantly, the annexation in *Belleville* did not involve the annexation of a noncontiguous roadway which had the effect of enclosing and cutting off unincorporated territory from an adjoining municipality. We are persuaded that, under the authority of *Streamwood* and *Bensenville*, the 1958 annexation at issue here was void to the extent that it purported to annex that portion of 175th Street which bordered the subject property. Accordingly, the 1980 annexation of the subject property by Homewood was valid as an annexation of contiguous property.

The judgment of the trial court is affirmed.

Affirmed.

LINN and JOHNSON, JJ., concur.