THE VILLAGE OF SOUTHERN VIEW, Plaintiff-Appellant, v. THE COUNTY OF SANGAMON et al., Defendants-Appellees.

Fourth District   No. 4—91—0867

Opinion filed May 7, 1992.

Val C. Simhauser, of Simhauser Law Office, of Springfield, for appellant.

Donald M. Cadagin, State's Attorney, of Springfield (John Kenneth Peek, Assistant State's Attorney, of counsel), for appellee County of Sangamon.

Michael O'Hara, of Cavanagh & O'Hara, of Springfield, for other appellees.

JUSTICE McCULLOUGH delivered the opinion of the court:

Plaintiff Village of Southern View filed a three-count complaint on August 13, 1991, seeking injunctive and declaratory relief alleging that the failure to mail a copy of the notice of a public hearing on a proposed zoning amendment to the clerk of Southern View rendered the amendment rezoning the land void *ab initio*. Defendant Sangamon County filed a motion for judgment on the pleadings on September 10, 1991, alleging the provision in the ordinance requiring that a copy of the notice be mailed to the clerk of Southern View was not a jurisdictional prerequisite to action by the county board or the zoning board of appeals. On September 11, 1991, defendants First America Bank, as trustee under trust No. 35—6438, and Recyclers International Corporation filed a motion to dismiss and/or for summary judgment alleging that the requirement of mailing a copy of the notice to

the clerk of Southern View was ministerial rather than jurisdictional in nature and, thus, the amendment to the ordinance zoning the land was not void. A hearing on defendants' motions was held on October 16, 1991, and the trial court issued a written order on October 31, 1991, granting summary judgment in favor of defendants. Southern View appeals that order granting defendants' motions, contending the zoning amendment was void *ab initio* because a copy of the notice of the public hearing was not mailed to the clerk of Southern View. Appearing before this court were plaintiff's attorney and counsel for First of America Bank on behalf of all defendants. We affirm.

Defendants filed a petition to rezone land located within 1½ miles of the corporate limits of Southern View from "A" to "I-2" in order to construct a landscape-waste composting facility. A public hearing on this proposed zoning amendment was held on October 18, 1990, before the Sangamon County zoning board of appeals. The Sangamon County board of supervisors approved the reclassification of the land on November 20, 1990. Construction of the landscape-waste composting facility began on August 21, 1991.

Section VII(G) of the Sangamon County zoning ordinance details the procedure for amending the ordinance. (Sangamon County Zoning Ordinance §VII(G) (1985).) Specifically, section VII(G)(4)(a) sets forth the prerequisites for notice of a public hearing on any proposed amendment. (Sangamon County Zoning Ordinance §VII(G)(4)(a) (1985).) That section provides:

"No amendment shall be granted by the County Board except after a public hearing before the Zoning Board of Appeals of which there shall be a notice of the time and place of the hearing published at least once, not more than thirty (30) or less than fifteen (15) days before the hearing, in one or more newspapers with a general circulation within Sangamon County. A written notice shall be served at least ten (10) days before the hearing on the owners of the properties located adjacent to and across the street or alley from the location where the amendment is requested. In addition, at least fifteen (15) days prior to each hearing, notice of such hearing shall be posted on the street frontage of the land proposed to be reclassified by amendment. The notice need only be placed in one place on the site. In the event the hearing is postponed, the property shall be reposted with the new time, place, and date, and shall be republished and as in the initial case, but with new time, place and date for the hearing. *A copy of such notice shall be mailed to the clerk of each municipality, the corporate limits of which*

*lie within one and one-half miles of the land proposed to be reclassified.* If the real estate subject to the petition shall be situated within a township or in which there is a newspaper regularly published or in which there is a newspaper generally circulated that is not published in the City of Springfield, Illinois, then there shall be published in said newspaper, a legal publication identical to and in addition to that above stated. Meetings of the Zoning Board of Appeals on amendments shall be held in the County Building." Sangamon County Zoning Ordinance §VII(G)(4)(a) (1985).

It is undisputed that notice of the time and place of the hearing was published in a newspaper with a general circulation in Sangamon County, served upon the owners of the adjacent property and posted on the land to be rezoned, all within the time limitations specified in the ordinance. It is further undisputed that the corporate limits of Southern View lie within 1½ miles of the land which was reclassified. However, a copy of the notice of the public hearing was not mailed to the clerk of Southern View. Southern View was not represented at the public hearing on this proposed amendment.

In its opinion granting defendants' motions, the trial court found the timely publication of the proposed zoning change and the public hearing were the jurisdictional prerequisites for validity of any zoning action by the county boards. The court further found that the ordinance required additional notice for adjacent landowners and timely posting of notice on the land proposed to be rezoned. The court then stated that the requirement that Southern View be mailed a copy of the notice was ministerial in nature, rather than jurisdictional. Since the mailing requirement was ministerial, the trial court concluded the zoning reclassification amendment was not void *ab initio* because of the failure to mail this copy of the notice and, thus, granted defendants' motions.

Southern View asserts the word "shall" must be interpreted consistently throughout section VII(G)(4)(a) of the ordinance, thus making the mailing requirement jurisdictional. It maintains that if the word "shall," when used in conjunction with the publication, service on adjacent property owners, and posting requirements, is given a mandatory interpretation, a similar interpretation must also be given to the mailing requirement.

Defendants contend that only the first three notice requirements (publication, service on adjacent property owners, and posting on the affected land) are jurisdictional and the mailing requirement is ministerial. Defendants suggest three reasons in support of this view.

First, they point out that the publication, service on adjacent property owners and posting requirements all have time limitations, while the mailing requirement does not. Second, defendants refer to subsection VII(G)(4)(b) of the ordinance, which provides that, if the amendment is proposed by a member of the county board or planning commission, a copy of the application or the county board's order shall be served on the record owners of the property within a specific time limitation. Defendants highlight the language stating that this service is "in addition to" the posting and publishing requirements of subsection VII(G)(4)(a). Defendants, as did the trial court, regard the omission of the mailing requirement in this subsection as indicative of the drafters' intent to make it ministerial rather than jurisdictional, as under subsection (a). Finally, defendants suggest that since this requirement only calls for "mailing" a "copy" of the notice, rather than actual service upon the clerk of the municipality, it is not jurisdictional but only ministerial.

■ The purpose of notice is to give all parties an opportunity to support or oppose a matter at issue. (*Kleidon v. City of Hickory Hills* (1983), 120 Ill. App. 3d 1043, 1048, 458 N.E.2d 931, 937.) In construing notice requirements as well as statutes of limitation, courts must look to substance, rather than merely form, in seeking the true intention of the legislature. (*White v. Prenzler* (1956), 7 Ill. 2d 624, 628, 131 N.E.2d 540, 543.) Substantial compliance with notice provisions has been held to be insufficient where statutory provisions are not merely technical requirements but are jurisdictional. *M.L. Ensminger Co. v. Chicago Title & Trust Co.* (1979), 74 Ill. App. 3d 677, 678, 393 N.E.2d 663, 664.

■ Generally, in construing municipal ordinances, the rules governing construction of statutes are applied. (*In re Application of County Collector* (1989), 132 Ill. 2d 64, 72, 547 N.E.2d 107, 110.) It is a primary rule of statutory construction that the intention of the legislature should be ascertained and given effect. (*People v. Robinson* (1982), 89 Ill. 2d 469, 475, 433 N.E.2d 674, 677.) Legislative intent can be ascertained from a consideration of the entire Act, its nature, its object and the consequences that would result from construing it one way or the other. *Fumarolo v. Chicago Board of Education* (1990), 142 Ill. 2d 54, 96, 566 N.E.2d 1283, 1302.

■ In construing a statute where the same, or substantially the same, words or phrases appear in different parts of the same statute, they will be given a generally accepted and consistent meaning where the legislative intent is not clearly expressed to the contrary. (*People v. Lutz* (1978), 73 Ill. 2d 204, 212, 383 N.E.2d 171, 174.) Where a

meaning is attributed to a word and it again appears in the same statute, it should be given a consistent meaning unless a contrary legislative intent is clearly expressed. (*Chapman v. County of Will* (1973), 55 Ill. 2d 524, 529-30, 304 N.E.2d 287, 290.) Where a particular provision appears in a statute, the failure to include that same requirement in another section of the statute will not be deemed to have been inadvertent. *Siciliano v. Village of Westchester Firefighters' Pension Fund* (1990), 202 Ill. App. 3d 964, 967, 560 N.E.2d 885, 887.

Section 5—12014 of the Counties Code (Ill. Rev. Stat. 1989, ch. 34, par. 5—12014) provides for the procedure to amend a zoning ordinance. The Sangamon County zoning ordinance is more restrictive than the Counties Code, but is not inconsistent with it. Therefore, the boards of the county must follow the dictates of the ordinance. It is obvious that when a statute prescribes certain steps as conditions to the enactment of an ordinance, these steps must be substantially complied with, and we have further held that where a general zoning ordinance includes additional procedural requirements for its amendment not inconsistent with those of the statute, these requirements must also be complied with. *Treadway v. City of Rockford* (1962), 24 Ill. 2d 488, 496, 182 N.E.2d 219, 224.

Under the rules of statutory construction, this court must give the word "shall" the same meaning throughout the ordinance unless there appears a contrary intent. Likewise, the use of the word "shall" is mandatory and jurisdictional unless a legislative intent underlying the ordinance indicates otherwise. Thus, if the word "shall," as used in the publication, posting and service on adjacent property owners requirements, is mandatory, then it must also be mandatory when used in conjunction with the mailing requirement, absent a contrary intent. If the mailing requirement is mandatory and jurisdictional, the amendment rezoning the land is void. Notice setting forth the time and place of the hearing to zone property is mandatory and jurisdictional, and any amendment passed in contravention thereof is void. (*Ad-Ex, Inc. v. City of Chicago* (1990), 207 Ill. App. 3d 163, 174, 565 N.E.2d 669, 677.) The failure to give the requisite notice and to conduct a hearing renders a zoning change invalid for lack of jurisdiction. *Village of Riverwoods v. County of Lake* (1968), 94 Ill. App. 2d 320, 237 N.E.2d 547.

We conclude that the legislative intent underlying this county zoning ordinance suggests that the mailing of a copy of the notice of the public hearing on the proposed amendment to the clerk of Southern View was a ministerial, rather than a jurisdictional, requirement. First, a likely purpose of this mailing requirement was to increase the

likelihood that the clerk of a municipality located within 1½ miles of property to be rezoned become aware and receive notice of the public hearing on the zoning amendment. If the drafters of the ordinance wanted to ensure that this mailing requirement serve as actual notice to the clerk, they could have put a time limitation on the mailing requirement or required it to be by certified mail. However, no time limitation or requirement that this notice be by certified mail appears in the ordinance. Thus, since the first three requirements of the ordinance have time limitations, while the fourth does not, and the fourth also does not require certified mail, we conclude that this mailing requirement is ministerial and not jurisdictional.

Moreover, we find, as did the trial court, the distinction between requiring Southern View be "mailed" a "copy" of the notice, rather than be "served" with the notice, to be a further indication of the ministerial nature of this requirement. The "mailing" of a "copy" of the notice would only serve to be additional notice or a safeguard to ensure that the clerk was in fact aware of the pending public hearing. Likewise, the omission of the mailing requirement in subsection (b) of section VII(G)(4) is indicative of the drafters' intent to make the first three requirements jurisdictional with the mailing requirement being only ministerial since, if it were jurisdictional, it would have been included in this subsection as well.

Therefore, the provision of the Sangamon County zoning ordinance requiring the mailing of a copy of the notice of the public hearing on a proposed zoning amendment to the clerk of a municipality located within 1½ miles of the land proposed to be rezoned is ministerial rather than jurisdictional in nature and the failure to mail such copy of the notice does not render an amendment to the zoning ordinance void. However, even though we conclude this requirement is only ministerial, it should nevertheless be complied with in all future instances.

Accordingly, for the foregoing reasons, the trial court's granting of summary judgment in favor of defendants is affirmed.

Affirmed.

COOK and LUND, JJ., concur.