THE PEOPLE OF THE CITY OF CHARLESTON, Plaintiff-Appellee, v. RALPH WITMER II *et al.*, Defendants-Appellants.

Fourth District   No. 4—98—0438

Argued January 19, 1999.—Opinion filed April 23, 1999.

Jeffrey W. Tock (argued), of Harrington, Porter, Ermentrout & Tock, of Champaign, for appellants.

Brian L. Bower (argued), of Charleston, for appellee.

JUSTICE GARMAN delivered the opinion of the court:

In August 1996, plaintiff City of Charleston (City) filed complaints against defendants, Ben Huddleston, Ralph Witmer II, Doyle Johnson, and Stephen Witmer, alleging that they had allowed billboard signs to be placed on their property in areas where signage was prohibited by a City ordinance. Defendants' property is located within the "Corridor Development District" (District) that lies along the right-of-way of Illinois Route 16. Following a consolidated bench trial, defendants were found guilty of the violations and fines were imposed. Defendants now appeal, arguing (1) the ordinances annexing Route 16 into the City in 1965 are void, (2) the City failed to comply with statutory notice requirements when the ordinance creating the District was enacted and the ordinance is invalid because it lacks an ordaining clause, and (3) the fines assessed are unconstitutional. We reverse.

Route 16 extends perpendicularly west from the City. In August 1965, the City enacted ordinance No. 65—O—27, which annexed portions of the Route 16 right-of-way, beginning from the western city limits and extending due west for a distance of 2.78 miles. In September 1965, the City adopted ordinance No. 65—O—33, which annexed an additional 1.85 miles of the Route 16 right-of-way beginning at the west edge of the land annexed in August 1965.

On July 8, 1992, the City published notice of a public hearing to be held on July 23, 1992, by the Charleston Board of Zoning Appeals and Planning (Zoning Board) to consider creating a new zoning district on land previously annexed along Route 16, to be known as the District. This hearing was not held on that date because the meeting of the Zoning Board was canceled. At a hearing on November 5, 1992,

the Zoning Board approved the creation of the District. The City adopted the District on April 6, 1993, as ordinance No. 93—O—18. This ordinance stated its statutory authority as section 7—1—10 of the Illinois Municipal Code (Code) (65 ILCS 5/7—1—10 (West 1996)).

No action was taken by the City on its complaints against defendants until late 1997, when defendants were given notice of hearing. All defendants were represented by the same attorney. In their statement of defenses to the charge, defendants alleged that the City lacked authority to enforce ordinance No. 93—O—18 because (1) it purported to create the District and did not purport to amend the City's zoning ordinance; thus, the ordinance is not part of the City's zoning ordinance; (2) the ordinance was not properly enacted, as statutory notice was not properly given; and (3) the land purportedly annexed in 1965 was not contiguous to the City and was an improper strip annexation.

Prior to the bench trial, the parties stipulated that (1) the real estate and signs are within the geographic boundary of ordinance No. 93—O—18 and (2) the signs are not in compliance with the ordinance.

At trial, Jeffrey Finley, city planner for the City, was the only witness to testify. He stated that the meeting of the Zoning Board scheduled for July 23, 1992, was canceled prior to the meeting date, either because of lack of a quorum or because the City's consultant was unable to assemble the necessary information for the meeting. No one was present on the date and time stated in the public notice. The meeting was rescheduled for September 3, 1992. Finley testified that his staff told him a notice was placed on the meeting room door stating that the July 23, 1992, meeting was continued to September 3, 1992. Defense counsel's hearsay objection was sustained. In later questioning, Finley testified the City had a practice of posting such notices and this was the practice that was followed in 1992. The agenda for the September 3, 1992, meeting would have been mailed to the Zoning Board members and the media. There was no other public notice given of that meeting.

The trial court entered a written order on March 26, 1998. It held that proper notice of the continuation of the July 23, 1992, Zoning Board meeting (to September 3, 1992) was given by posting notice on the meeting room door. The court held no further publication was required. The court also found that defendants' defense of void annexation was barred because, while the property annexed was not contiguous to the City in 1965, subsequent annexations of parcels that are contiguous to the Route 16 right-of-way have rendered the property contiguous. The court found defendants guilty of the ordinance violations.

At a sentencing hearing on May 7, 1998, the trial court imposed the minimum fine of $25 per day. Defendants filed a motion to reconsider, making a new argument that ordinance No. 93—O—18 lacks an ordaining clause required by statute and is therefore merely a resolution that one cannot be fined for violating. The motion alleged that the trial court had no jurisdiction to enforce an invalid ordinance. The motion also objected to the court's determination that the property annexed in 1965 is now contiguous to the City, stating that this has been accomplished only through subsequent annexations of parcels adjacent only to the Route 16 right-of-way, which is itself not contiguous to the City.

Defendants also filed an objection to the fines assessed by the trial court, noting that the applicable statute (65 ILCS 5/1—2—1 (West 1996)) allows a maximum fine of $750 for an ordinance violation. They further alleged that any fine in excess of $750 would violate the proportionate penalties clause of the Constitution of the State of Illinois (Ill. Const. 1970, art. I, § 11).

The City filed a motion to strike the portion of defendants' motion to reconsider that raised the argument concerning the lack of an ordaining clause in ordinance No. 93—O—18.

The trial court entered a written judgment order on June 5, 1998, in which it granted the motion to strike, rejecting defendants' argument that the presence of an ordaining clause is jurisdictional and, thus, cannot be waived. The court found that there was substantial compliance with the statute. The court stated its opinion that the definition of "contiguous" in section 7—1—46 of the Code (65 ILCS 5/7—1—46 (West 1996)) (the limitations provision) is broader than the definition of that word as used in section 7—1—10 of the Code. It denied the motion to reconsider and the objection to the assessment of fines. As to the assessment of fines, the court found that the City is entitled to a fine for each day the ordinance was violated. The minimum fine provided for by the City's zoning ordinance is $25 per day. The fine for 637 days is $15,925 for each defendant.

On appeal, defendants argue that ordinance Nos. 65—O—27 and 65—O—33 are invalid, because the land they purported to annex to the City was not contiguous to the City and therefore constituted an invalid strip annexation.

Ordinance Nos. 65—O—27 and 65—O—33 purported to annex the Route 16 right-of-way pursuant to section 7—1—10 of the Code (65 ILCS 5/7—1—10 (West 1996) (formerly Ill. Rev. Stat. 1965, ch. 24, par. 7—1—10)). That section provides that any municipality, by ordinance, may annex any territory contiguous to it, even though the annexed territory is dedicated or used for street or highway purposes,

if no part of the annexed territory is within any other municipality. The validity of the 1965 annexations of the Route 16 right-of-way depends upon whether that land was contiguous to the City at the time of annexation. The concept of contiguity was discussed by our supreme court in *People ex rel. Adamowski v. Village of Streamwood*, 15 Ill. 2d 595, 155 N.E.2d 635 (1959). There, a *quo warranto* action was initiated, seeking to prevent the village from exercising any governmental authority over certain territory annexed by it. The village had annexed 75 miles of roadways, none of which was contiguous to the village. The village then annexed a subdivision that was far away from the boundaries of the village and was connected to the village only by virtue of one of the roadways. The supreme court noted that there can be no justification for the annexation of territory in the absence of statutory authorization therefor and, without such authorization, the annexation is a nullity. Territory that is annexed must be contiguous to the annexing municipality and must not be part of any other municipality. The court further stated:

"The law, as above quoted, provides for the annexation of territory, even if it is dedicated for street or highway purposes, if the territory is contiguous to the municipality and is not part of any other municipality. The word 'contiguous,' as used in that statute, must be defined in keeping with what was the obvious intention of the legislature, which was to make it permissible for a municipality to annex a roadway where, for example, a roadway separates a municipality from territory just the other side of the roadway, which the municipality needs for existing municipal purposes and for natural growth, even though no part of the roadway already lies within the municipality. Contiguous, for any reasonable interpretation of [section 7—1—10 of the Code], must mean contiguous in the sense of adjacent to and parallel to the existing municipal limits and cannot, under any circumstances, permit a municipality by annexation ordinances to grab a whole maze of roadways, circumscribing and choking off unincorporated areas and causing them to be completely surrounded by a maze of roadways annexed to a municipality.

To condone the unnatural and obviously unreasonable annexation as attempted by the defendant village in this case, would require us to permit strip or corridor annexation, which has always been condemned by the courts of this State and has never been permitted by the legislature." *Adamowski*, 15 Ill. 2d at 601, 155 N.E.2d at 638.

The *Adamowski* decision has been applied to cases involving annexation of a single roadway. In *People ex rel. Village of Worth v. Ihde*, 23 Ill. 2d 63, 68-69, 177 N.E.2d 313, 316 (1961), the village annexed a

single highway and then annexed properties that were adjacent to the highway. The supreme court noted that these properties were contiguous with the village only by reason of annexation of the highway. The court ruled that such annexations did not satisfy the requirement of contiguity and they were all invalid.

In *People ex rel. Coojar Realty Corp. v. Village of Burr Ridge*, 81 Ill. App. 2d 203, 225 N.E.2d 39 (1967), Coojar challenged the annexation of its property to the village. Previously, the village had annexed a highway that adjoined the village's boundaries for 300 feet and extended one-half mile. It then annexed property adjacent to the highway that surrounded Coojar's property. The trial court found that the highway annexation was invalid as a strip or corridor annexation and the ensuing annexation of Coojar's property was therefore also invalid. The appellate court agreed, rejecting the village's argument that contiguity had been found in cases where the annexed property adjoined the municipal boundaries for less than 300 feet in width. The court stated that it would not consider cases involving annexation of private property and that precedents existed dealing with street and highway annexations. The court looked to the *Adamowski* case and noted that the legislative purpose in permitting annexation of roadways was to permit a municipality to annex a roadway separating the municipality from property on the immediate other side of the roadway that the municipality needed for natural growth or for existing municipal purposes. Thus, "contiguous" must mean adjacent and parallel to the existing municipal boundaries. *Coojar*, 81 Ill. App. 2d at 206, 225 N.E.2d at 40.

In *People ex rel. Bowman v. Village of Bensenville*, 64 Ill. App. 3d 857, 381 N.E.2d 1170 (1978), the village annexed a roadway that touched village boundaries only at its end points and ran parallel, but not adjacent, to a boundary line of the village. The appellate court held that the road was not contiguous and its annexation was invalid. The road must be both adjacent and parallel to some boundary of the village. The court found the annexation to be an invalid strip or corridor annexation. It stated that the village would have to annex the unincorporated territory between its boundaries and the road before it could validly annex the road itself. *Bowman*, 64 Ill. App. 3d at 860, 381 N.E.2d at 1173.

■ The parties concede in the instant case that the Route 16 right-of-way was not contiguous to any City boundary at the time of annexation. Therefore, it constituted an invalid strip annexation. The City argues that defendants are barred from contesting the validity of the annexation. Section 7—1—46 of the Code (65 ILCS 5/7—1—46 (West 1996)) contains the statute of limitations on attacking the annexation

of territory to a municipality. The present version of that statute reads:

"Neither the People of the State of Illinois nor any person, firm or corporation, public or private, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final or within one year of the effective date of this amendatory Act of 1965 whichever date occurs latest. This amendatory Act of 1965 shall apply to annexations made prior to the effective date of the Act as well as those made on or after the effective date. Where a limitation of a shorter period is prescribed by statute such shorter limitation applies. The limitation set forth in this section shall apply to any annexation, even where the judge, body[,] or officer annexing the territory did not at the time of such annexation have jurisdiction of the subject matter, and irrespective of whether such annexation may otherwise be defective or void, except that the limitation of this Section shall not apply to annexations of territory which was not contiguous at the time of annexation and is not contiguous at the time an action is brought to contest such annexation." 65 ILCS 5/7—1—46 (West 1996).

That section as it read in 1965 stated:

"Neither the People of the State of Illinois nor any person, firm or corporation, public or private, nor any association of persons shall commence an action contesting either directly or indirectly the annexation of any territory to a municipality unless initiated within one year after the date such annexation becomes final or within one year of the effective date of this amendatory Act of 1965 whichever date occurs latest. This amendatory Act of 1965 shall apply to annexations made prior to the effective date of the Act as well as those made on or after the effective date. Where a limitation of a shorter period is prescribed by statute such shorter limitation applies and the limitation set forth in this section shall not apply to any annexation where the judge, body or officer annexing the territory did not at the time of such annexation have jurisdiction of the subject matter. Added by act approved Aug. 10, 1965. [1965 Ill. Laws 2839, 2840], S.B. No. 675." Ill. Rev. Stat. 1965, ch. 24, par. 7—1—46.

The trial court used the present version of the statute in holding that, while the Route 16 right-of-way was not contiguous to the City in 1965 when it was annexed, it is now contiguous. On appeal, the City argues the 1965 version applies and the one-year period of limitations bars defendants from contesting the validity of the annexations. Defendants counter that the City lacked jurisdiction to annex the

Route 16 right-of-way because it was not contiguous to the City at the time of annexation. Therefore, the one-year period of limitations as contained in the 1965 statute does not apply.

We need not resolve this dispute, because, for the reasons that follow, we hold that ordinance No. 93—O—18 was invalidly enacted and, therefore, the City may not enforce it against defendants.

■ Section 11—13—14 of the Code (65 ILCS 5/11—13—14 (West 1996)) provides that no zoning ordinance may be amended without a hearing before a commission designated by municipal authorities. Notice of the hearing must be given not more than 30 days nor less than 15 days before the hearing, by publishing a notice thereof at least once in one or more newspapers published in the municipality.

■ Defendants concede that the initial published notice of the July 23, 1992, hearing was properly given. They concede that the evidence showed it was the practice of City staff to post a notice on the meeting room door of continuations of meetings. However, defendants contend there was no evidence this practice was followed in the instant case.

Notice was initially properly given that the Zoning Board would conduct a public hearing on the zoning amendment on July 23, 1992, at 7 p.m. in the City council chamber at city hall. However, sometime prior to that date, the City knew that the meeting would not be held. A notice in the record, which the City argues was placed on the council chamber door on July 23, 1992, states as follows:

> "Charleston Board of Zoning Appeals and Planning
> City of Charleston
> City Council Chamber
> Thursday, July 23, 1992
> 7:00 P.M.
> The regular meeting of the [Zoning Board] scheduled for Thursday, July 23, 1992[,] has been continued to Thursday, September 3, 1992[,] at 7:00 P.M. in the City Council Chamber of City Hall.
> The [Zoning] Board will not meet on July 23.
> The next regular meeting of the [Zoning Board] is scheduled for Thursday, August 6, 1992[,] at 7:00 P[.]M[.] in the City Council Chamber."

It is undisputed that the Zoning Board's meeting of July 23, 1992, was never opened. No hearing on the proposed zoning amendment was begun. There was no evidence that the continuation notice the City alleges was posted on the meeting room door was in fact posted. In any event, were we to assume it was in fact posted, we would hold the notice inadequate to provide the requisite notice of the public hearing.

The continuation notice does not refer to the public hearing on the zoning amendment. It merely states that the "regular meeting" of the Zoning Board scheduled for July 23, 1992, was "continued" to September 3, 1992, at 7 p.m. in the same room. The language of this notice is confusing. One who read this notice could not be certain when the public hearing itself would be held or that it would even be held at all, since the notice does not mention the hearing. Further, the notice then inexplicably states that the "next regular meeting" of the Zoning Board will be held on August 6, 1992, a date prior to the rescheduled July 23, 1992 meeting.

The purpose of notice is to give all parties an opportunity to support or oppose a matter at issue. *Village of Southern View v. County of Sangamon*, 228 Ill. App. 3d 468, 472, 592 N.E.2d 639, 641 (1992). Notice setting forth the time and place of a hearing to zone property is mandatory and jurisdictional and any amendment passed on contravention thereof is void. *Southern View*, 228 Ill. App. 3d at 473, 592 N.E.2d at 642. The original published notice in the instant case, while adequate to notify interested persons of a public hearing on July 23, 1992, did not serve to provide notice of a public hearing on September 3, 1992, where no meeting of the Zoning Board or hearing was opened on July 23, 1992. Thus, ordinance No. 93—O—18 was passed in contravention of the notice requirements of section 11—13—14 of the Code and is void.

In light of our holding, we need not address defendants' arguments that ordinance No. 93—O—18 is void for lack of an ordaining clause and that the fines imposed for violation of the ordinance are unconstitutional.

Accordingly, defendants' convictions are reversed.

Reversed.

STEIGMANN and MYERSCOUGH, JJ., concur.