THE COUNTY OF COLES, Plaintiff-Appellant, v. PROPERTY TAX APPEAL BOARD *et al.*, Defendants-Appellees.

Fourth District    No. 4—94—0271

Opinion filed October 27, 1995.

C. Stephen Ferguson, State's Attorney, of Charleston, for appellant.

William J. Warmoth, of Brainard, Bower & Kramer, of Charleston, for appellee Tabor Grain Company.

Jim Ryan, Attorney General, of Chicago (Rosalyn B. Kaplan, Solicitor General, and Barbara E. Pitts, Assistant Attorney General, of counsel), for appellee Property Tax Appeal Board.

JUSTICE COOK delivered the opinion of the court:

The County of Coles (County) sought judicial review of a decision by the Property Tax Appeal Board (PTAB) regarding the assessment of property owned by Tabor Grain Company (Tabor). Tabor moved to dismiss for lack of jurisdiction, asserting that under section 111.4 of the Revenue Act of 1939 (Act) (Pub. Act 87—1189, art. 5, § 2, eff. September 24, 1992 (1992 Ill. Laws 3408, 3432-33), amending 35 ILCS 205/111.4 (West 1992)), the complaint for administrative review should have been filed in the appellate court. The circuit court granted the motion to dismiss, and the County appeals. We affirm.

In this case of first impression, this court is asked to interpret the language of section 111.4 of the Act, which—effective September 24, 1992—provided in pertinent part:

"Final administrative decisions of the Property Tax Appeal Board are subject to review under the provisions of the Administrative Review Law, *except that in every case where a change in assessed valuation of $300,000 or more was sought, that review shall be afforded directly in the Appellate Court for the district in which the subject property involved in the Board's decision is situated, and not in the circuit court.*" (Emphasis denotes additions.) Pub. Act 87—1189, art. 5, § 2, eff. September 24, 1992 (1992 Ill. Legis. Serv. 3007, 3027 (West); 1992 Ill. Laws 3408, 3432-33), amending 35 ILCS 205/111.4 (West 1992).

Section 111.4 of the Act was repealed by Public Act 88—455 (Pub. Act 88—455, art. 32, § 32—20, eff. January 1, 1994 (1993 Ill. Laws 3497, 3830)), but identical language was added (Pub. Act 88—455, art. 16, § 16—195, eff. January 1, 1994 (1993 Ill. Laws 3497, 3636)) as section 16—195 of the Property Tax Code (see 35 ILCS 200/16—195 (West Supp. 1993)). At issue in the present case is how "a change in assessed valuation" is to be measured.

Tabor owns a grain elevator and associated structures located on approximately three acres of land in Coles County, Illinois. The County assessor's office determined the assessed valuation of the Tabor property for the 1990 tax year was $720,290. Tabor appealed the assessment to the County Board of Review (Board of Review), and the Board of Review affirmed.

On December 11, 1990, Tabor filed a petition for review of the

Board of Review's decision with PTAB. In its petition, Tabor stated that the county assessor's assessment of the property was $720,290, that the Board of Review's assessment was also $720,290, and that Tabor's assessed valuation of its property was $260,978. After receiving Tabor's petition, PTAB requested from the Board of Review a written explanation of the Board of Review's actions, pursuant to PTAB Rule 1910.40(a). (86 Ill. Adm. Code § 1910.40(a), at 2366-67 (1991).) PTAB provided a form entitled "Notes on Appeal" for the Board of Review to supply its written explanation. In the Notes on Appeal, received by PTAB on November 13, 1991, the Board of Review "stipulated" that its revised opinion of the assessed valuation of the Tabor property was $532,000. PTAB conducted an evidentiary hearing in July 1992. On February 10, 1993, PTAB filed its decision, concluding that a reduction in the assessment of the property to $339,649 was supported by the evidence. On March 17, 1993, the County filed its complaint for administrative review in the circuit court.

The various figures are shown on the following chart:

| | |
|---|---|
| County Assessor's Office | $720,290 |
| Board of Review | $720,290 |
| In the PTAB: | |
| Tabor petition for review | |
| (November 11, 1990) | |
| —County Assessor's assessment | $720,290 (A) |
| —Tabor's assessed valuation | $260,978 (B) |
| Board of Review Notes on Appeal | |
| (November 13, 1991) | |
| —Revised opinion | $532,000 (C) |
| PTAB decision (February 10, 1993) | $339,649 |

In its July 30, 1993, motion to dismiss, Tabor contended that the proper measure of change for purposes of section 111.4 of the Act was the difference between the assessed valuation approved by the Board of Review, $720,290 (figure A), and the valuation advanced by Tabor on appeal to PTAB, $260,978 (figure B). That difference was $459,312, well above the $300,000 threshold set by the Act, placing jurisdiction in the appellate court. The County, however, contended that the calculation should be based on the difference between the Board of Review's revised assessment in the proceedings before PTAB, $532,000 (figure C), and Tabor's assessment, $260,978 (figure A), yielding an amount of $271,022. Because this amount was less than $300,000, the County asserted its complaint was properly filed

in the circuit court. The circuit court accepted Tabor's interpretation of section 111.4 of the Act and dismissed the County's complaint.

We first note that the Attorney General, on behalf of the PTAB, agrees with the circuit court's construction of the Act and urges us to affirm.

When the Board of Review determines that a revision in assessment appears to be just, it shall make any required changes in the county clerk's assessment books and attach to the book an affidavit signed by at least two members of the Board of Review certifying that the assessments are correct. (35 ILCS 205/110 (West 1992) (now 35 ILCS 200/16—85 (West Supp. 1993)).) If that "final [Board of Review] action" results in a changed assessment, the Board of Review shall mail notice to the taxpayer, stating the assessed value of the property for that year. (35 ILCS 205/108d (West 1992) (now 35 ILCS 200/12—50 (West Supp. 1993)).) There is no statutory provision allowing the Board of Review to revise its "final [Board of Review] action," but the County points out that the PTAB's "Notes on Appeals" form states "[w]ill the [Board of Review] stipulate in this appeal?" and "[i]f yes, state revised opinion of assessed value." The County did stipulate in this case to a revised opinion of $532,000 (figure C).

The rules of the PTAB provide that a petition for appeal shall:

> "[S]tate the assessed value of the land, and the assessed value of the improvements (structures), and the total assessed value as placed on the property by the local assessor and by the [Board of Review]. The petition must also state the assessed valuation which the contesting party claims to be correct." (86 Ill. Adm. Code § 1910.30(g), at 2366 (1991).)

If "a change in assessed valuation of $100,000 or more is sought," then the Board of Review shall serve a copy of the petition on all interested taxing districts. (35 ILCS 205/111.2 (West 1992) (now 35 ILCS 200/16—180 (West Supp. 1993)).) There is no dispute that the PTAB properly used figures A and B from Tabor's petition to determine whether a copy of the petition had to be served on all taxing districts.

It is logical that any change in the assessed valuation must be measured from the benchmark of the "final [Board of Review] action." Section 111.2 of the Act anticipates that the "change in assessed valuation" will be measured at the time a petition for review is filed with PTAB, in order to determine which parties must be notified of the filing of the petition. (35 ILCS 205/111.2 (West 1992) (now 35 ILCS 200/16—180 (West Supp. 1993)).) The amount of change sought is fixed at the instant a petition is filed with PTAB. Where the same or substantially the same words or phrases appear in differ-

ent parts of the statute, they should be given a consistent meaning unless a contrary legislative intent is clearly expressed. (*Village of Southern View v. County of Sangamon* (1992), 228 Ill. App. 3d 468, 472-73, 592 N.E.2d 639, 642.) Thus, the amount of change sought, for purposes of both sections 111.2 (change in assessed valuation of $100,000) and 111.4 (change in assessed valuation of $300,000) of the Act, is determined at the time a petition is filed with PTAB. We hold that "change in assessed valuation" is the difference between the final decision of the Board of Review (figure A), and the proposed assessment (figure B), both as contained in the petition filed with PTAB. This interpretation is consistent with the past tense language of section 111.4 of the Act: "valuation of $300,000 or more *was* sought" (emphasis added) (Pub. Act 87—1189, art. 5, § 2, eff. September 24, 1992 (1992 Ill. Laws 3408, 3432-33), amending 35 ILCS 205/111.4 (West 1992)). Such a rule has the advantage of certainty. Subsequent actions of the parties do not alter the amount of change that was sought.

Applying this rule to the present case, it is clear that the amount of change sought was greater than $300,000. Accordingly, the County should have sought review of PTAB's decision in the appellate court. It did not do so. Unfortunately, there is no mechanism for the transfer of an action for administrative review when it is wrongly filed in the circuit court instead of the appellate court. (See *Hardee's Food Systems, Inc. v. Human Rights Comm'n* (1987), 155 Ill. App. 3d 173, 507 N.E.2d 1300.) The circuit court did not err in dismissing the County's complaint.

For the foregoing reasons, the judgment of the circuit court of Coles County is affirmed.

Affirmed.

STEIGMANN and GARMAN, JJ., concur.