BRIDGESTONE/FIRESTONE, INC., Plaintiff-Appellee, v. LYNN QUIGLEY DOHERTY, Director, *et al.*, Defendants-Appellants (Carl B. Binder *et al.*, Defendants).

Fourth District    No. 4—95—0920

Argued August 22, 1996.—Opinion filed November 1, 1996.

James E. Ryan, Attorney General, of Chicago (Barbara A. Preiner, Solicitor General, and John P. Schmidt (argued), Assistant Attorney General, of counsel), for appellants.

Lee Ann Russo (argued) and Mark P. Rotatori, both of Jones, Day, Reavis & Pogue, of Chicago, for appellee.

PRESIDING JUSTICE COOK delivered the opinion of the court:

The 243 claimants in these consolidated cases applied for and were awarded unemployment benefits by the Illinois Department of Employment Security (Department). The Director of the Department affirmed the award of benefits, finding that claimants were not ineligible for unemployment benefits under section 604 of the Illinois Unemployment Insurance Act (Act), which deals with unemployment due to stoppage of work because of a labor dispute. 820 ILCS 405/604

(West 1994). On administrative review, the circuit court of Macon County reversed the Director's decision and remanded with directions. The Director appeals, arguing the circuit court erred in ordering her to determine whether claimants had undertaken interim employment in good faith. We affirm, using different reasoning than did the circuit court.

The 243 claimants were all at one time employed by plaintiff Bridgestone/Firestone. Claimants went on strike on July 12, 1994, and, as they acknowledge, thereby became ineligible for unemployment benefits under section 604 of the Act. See 820 ILCS 405/604 (West 1994). All claimants then obtained interim employment which was eventually lost. There was evidence the interim employment was, in many cases, of short duration, lasting a few days or weeks. There was also evidence that some claimants were employed by relatives, also for brief periods of time. It was stipulated that all interim employment at issue constituted "employment" as defined in section 206 of the Act (820 ILCS 405/206 (West 1994)) and that all interim employers were "employers" as defined in section 205 of the Act (820 ILCS 405/205 (West 1994)).

Relying on *Dienes v. Holland*, 78 Ill. 2d 8, 397 N.E.2d 1358 (1979), the Director found that any evidence of "bad faith" on the part of claimants in securing interim employment was irrelevant to the benefits determination and affirmed the benefits awards made by the claims adjudicator. In a memorandum judgment dated October 24, 1995, the circuit court reversed the Director's ruling and remanded each claim to the Director to determine whether the claimants' interim employment had been taken in good faith. The circuit court based its decision on *Dienes* but concluded the Director's interpretation of *Dienes* would allow the evasion of section 604 "in cases in which the interim work was intended to be short-lived and was purposefully orchestrated to restore benefits."

■ Section 604 of the Act is one of several disqualification provisions, which, if applicable to a claimant, make him ineligible for receipt of unemployment benefits. See 820 ILCS 405/600 through 614 (West 1994). Section 604 of the Act generally disqualifies those who are voluntarily unemployed as a result of a labor dispute:

> "An individual shall be ineligible for benefits for any week with respect to which it is found that his total or partial unemployment is due to a stoppage of work which exists because of a labor dispute at the factory, establishment, or other premises at which he is or was *last employed*." (Emphasis added.) 820 ILCS 405/604 (West 1994).

The term "last employed" is not defined in this section, which leaves

open the question presented in this case and in *Dienes*: at what point does employment subsequent to a labor dispute "purge" the statutory disqualification of section 604 of the Act?

The claimants in *Dienes* were employees of Continental Grain Company (Continental). On September 1, 1971, the claimants went on strike. In November 1971, while still on strike and without severing their relationships with Continental, the claimants obtained employment with the Carey Grain Corporation (Carey). Each claimant worked full-time, and each believed he had found a permanent position with Carey. Between December 25, 1971, and January 8, 1972, the claimants were laid off due to a lack of work. The appellate court reversed a denial of benefits based on section 604, and the supreme court affirmed. *Dienes*, 78 Ill. 2d at 10, 17, 397 N.E.2d at 1358, 1362.

In *Dienes*, the Director of Labor argued the employees could not be considered "last employed" at Carey under section 604 of the Act because that relationship "was at best a temporary or a stop-gap measure." *Dienes*, 78 Ill. 2d at 12, 397 N.E.2d at 1359. The Director further urged that "last employed" be interpreted to require a claimant to sever his relationship with his previous employer prior to accepting other employment before the disqualification of section 604 of the Act was removed. The supreme court rejected these arguments and instead followed a Michigan decision which accepted interim employment as sufficient to purge a strike-related disqualification. *Dienes*, 78 Ill. 2d at 14, 397 N.E.2d at 1360, citing *Great Lakes Steel Corp. v. Employment Security Comm'n*, 6 Mich. App. 656, 665, 150 N.W.2d 547, 551 (1967). Accordingly, it was not necessary that the employee completely sever his relationship with the first employer, or that he intended in good faith to obtain *permanent* employment with the second employer, or that he be regularly or permanently employed with the second employer. *Dienes*, 78 Ill. 2d at 13, 397 N.E.2d at 1360.

After rejecting the definition of "last employed" urged by the Director, the *Dienes* court concluded by cautioning:

> "It is appropriate to observe, however, that we are, of course, affirming the appellate court's judgment on the circumstances involved. We need not consider here whether every succeeding or 'last' employment, whatever the circumstances, will qualify a claimant for unemployment benefits." *Dienes*, 78 Ill. 2d at 17, 397 N.E.2d at 1362.

According to the Director, *Dienes* holds that *any* subsequent employment, regardless of duration or the claimant's motive in securing the employment, should remove the disqualification of section

604. According to plaintiff, *Dienes* holds that only where a claimant seeks other employment in good faith should the disqualification of section 604 be removed. The circuit court agreed with plaintiff's interpretation of *Dienes*.

■ We cannot accept the interpretation of *Dienes* urged by the Director. The supreme court in *Dienes* did not broadly hold that *any* employment temporally removed from the previous employment suffices to remove the section 604 disqualification. The claimants in *Dienes* all believed their new jobs would have been permanent had they not been laid off for lack of work. The claimants all worked full-time for at least one month prior to being released. *Dienes*, 78 Ill. 2d at 10, 397 N.E.2d at 1358. Not only was the good faith of the claimants in *Dienes* not at issue, but the only proposition considered (and rejected) in *Dienes* was that a claimant must sever all ties with his previous employer as a condition precedent to removal of the section 604 disqualification. See *Dienes*, 78 Ill. 2d at 15-16, 397 N.E.2d at 1361. It is unlikely our legislature intended to enact a statute which could be easily evaded by obtaining employment which was, in the words of the circuit court, "purposefully orchestrated to restore benefits."

■ Interpretation of "last in time" as imposing no durational or good-faith requirement has been rejected by a majority of courts in this country. See Annotation, *Unemployment Compensation: Labor Dispute Disqualification as Applicable to Striking Employee Who Is Laid Off Subsequent Employment During Strike Period*, 61 A.L.R.3d 766, 770 (1975) (noting that "[m]ost of the courts which have considered the question *** have rejected the notion that 'last' was intended by the legislature to mean 'last in time,' and have expressed the opinion that only permanent, full-time employment can serve to terminate the statutory disqualification applicable to a striking worker"); 81 C.J.S. *Social Security* § 242, at 485 (1977) ("Where new employment, obtained after leaving a former employment because of a labor dispute, is undertaken in good faith and with an intent to continue therein on a permanent basis or for an indefinite period of time, such new employment is sufficient to terminate disqualification for benefits for any week with respect to which unemployment is due to a labor dispute"). The supreme court in *Dienes* noted that the Illinois unemployment statute, as it then existed, was unlike similar statutes in other states in that it did not "set a required length of employment with an interim employer in order to avoid disqualification under section 604." *Dienes*, 78 Ill. 2d at 14-15, 397 N.E.2d at 1361.

■ An important section, section 1502.1 of the Act, has been added

to the Act since *Dienes.* See 820 ILCS 405/1502.1 (West 1994). That section sets out statutory guidelines for determining which employer will be charged financially for an unemployed claimant's benefits. 820 ILCS 405/1502.1 (West 1994). Section 1502.1(E) of the Act specifically defines the term "last employer"—that employer which is chargeable for unemployment benefits, as determined pursuant to the earlier subsections of section 1502.1. 820 ILCS 405/1502.1(E) (West 1994). Until a claimant becomes employed to the extent that his new employer becomes chargeable for benefits (basically 30 days), the claimant remains "last employed" with (and barred from receiving benefits from) the employer with whom he was originally embroiled in a labor dispute. 820 ILCS 405/1502.1(A)(3)(a) (West 1994).

Section 1502.1 of the Act accordingly now sets out a required length of employment before disqualification under section 604 is ended. See *Dienes,* 78 Ill. 2d at 14-15, 397 N.E.2d at 1361. Section 1502.1 was added by Public Act 85—956 in 1988. See Pub. Act 85—956, § 1, eff. January 1, 1988 (1987 Ill. Laws 4191, 4226). Section 1502.1 does more than end the disqualification. In *Dienes,* the interim employer, Carey, stood to lose nothing from the court's ruling. Either no benefits would be paid out, or, if benefits were due, Continental, not Carey, was the chargeable employer under the Act as it existed then. See *Dienes v. Holland,* 64 Ill. App. 3d 109, 110, 380 N.E.2d 1156, 1157 (1978) (noting that the Director's decision had been in favor of Continental). Section 1502.1 of the Act changes all this and shifts the potential economic consequences to the interim employer.

The Director argues section 1502.1 of the Act should not be used to determine where a claimant was "last employed," since section 1502.1(E) of the Act states that it defines "last employer" for the purposes of sections 302, 409, 701, 1403, 1404, 1405, and 1508.1 (820 ILCS 405/302, 409, 701, 1403, 1404, 1405, 1508.1 (West 1994)). See 820 ILCS 405/1502.1(E) (West 1994). Those sections all contain internal cross-references to section 1502.1 of the Act as well. While we are troubled by the fact that section 604 of the Act is not listed in section 1502.1(E), we are not persuaded that fact alone forecloses application of section 1502.1(A)(3)(a) of the Act in this case. There is no indication this list was intended to be exclusive. Moreover, adopting a definition of "last employer" other than that contained in section 1502.1(E) of the Act would result in two contradictory definitions of the same term within the same Act. Where the same or substantially the same words or phrases appear in different parts of a statute, they should be given a consistent meaning unless a contrary legislative intent is clearly expressed. *People v. Lutz,* 73 Ill. 2d 204, 212, 383

N.E.2d 171, 174 (1978); *County of Coles v. Property Tax Appeal Board*, 275 Ill. App. 3d 945, 948-49, 657 N.E.2d 673, 676 (1995). We find no evidence the legislature intended the term "last employed" in section 604 of the Act to have a different meaning than the term "last employer" as defined in section 1502.1(E) of the Act. 820 ILCS 405/604, 1502.1(E) (West 1994).

■ The circuit court was justifiably wary of the interpretation of *Dienes* urged by the Director, as that interpretation would open the door for abuse by allowing circumvention of the section 604 bar. The *Dienes* court warned it was not holding that "every succeeding or 'last' employment, whatever the circumstances, will qualify a claimant for unemployment benefits." *Dienes*, 78 Ill. 2d at 17, 397 N.E.2d at 1362. Section 1502.1 of the Act makes collusion more difficult in cases such as this, since an employee who was unemployed as a result of a labor dispute must work at a subsequent employer for 30 days to requalify for benefits and must, of course, be terminated by his second employer—voluntarily leaving the second employer will not entitle him to benefits. See 820 ILCS 405/1502.1(A)(3)(b) (West 1994). The possibility of collusion is also minimized by the fact the Act attaches economic consequences to an interim employer's decision to discharge an individual who was previously disqualified from receiving benefits as a result of a labor dispute. If the duration of the subsequent employment meets the requisites of section 1502.1 of the Act, the subsequent employer becomes financially chargeable for all benefits in the event the employee is laid off. (We asked the parties at oral argument whether there would be any economic harm to the original employer where subsequent employment satisfies the 30-day requirement, and the parties stated there would be none.)

Section 1502.1 of the Act provides an objective, bright-line method of determining whether an individual has requalified for unemployment benefits and avoids the subjectivity inherent in any type of "good-faith" inquiry. Since we have found a definition of "last employer" within the Act itself, we have not "add[ed] any additional conditions to the [Act] in order to qualify a claimant for benefits." See *Dienes*, 78 Ill. 2d at 14, 397 N.E.2d at 1360.

We remand this case to the Director to determine whether the interim employers here qualify as "last employers" as defined in section 1502.1 of the Act. If such employment was sufficient to qualify claimants for benefits, claimants should be awarded benefits, with the interim employer as the chargeable employer. We have described the requirement of section 1502.1 of the Act loosely as a 30-day requirement. There are additional considerations involved in such determinations (involving base periods, nonconsecutive days, wage

minimums, *et cetera*), but the administrative rules provide detailed guidance and examples as to when one becomes a claimant's "last employer" under the Act. See 56 Ill. Adm. Code §§ 2765.325 through 2765.329 (1996).

For the reasons stated, we affirm the judgment of the circuit court and remand to the Director with directions.

Affirmed and remanded.

STEIGMANN and KNECHT, JJ., concur.