No. 2--96--1236

________________________________________________________________

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT

________________________________________________________________

COMMUNITY HIGH SCHOOL DISTRICT ) Appeal from the Circuit Court

NO. 155 and COMMUNITY ) of McHenry County.

CONSOLIDATED SCHOOL DISTRICT  )

NO. 47, ) No. 96--MR--93

)

Plaintiffs-Appellants, )

                                )

v.                              ) 

                                )

THE PROPERTY TAX APPEAL BOARD;  ) 

CRYSTAL LAKE APARTMENTS LIMITED ) 

PARTNERSHIP; and THE McHENRY    ) 

COUNTY BOARD OF REVIEW,         ) Honorable

                                ) Michael J. Sullivan,

Defendants-Appellees.      ) Judge, Presiding.

________________________________________________________________

JUSTICE INGLIS delivered the opinion of the court:

Plaintiffs, Community High School District No. 155 and Community Consolidated School District No. 47, appeal the judgment of the circuit court of McHenry County dismissing plaintiffs' complaint for administrative review on the ground that it lacked jurisdiction.  We affirm.

Defendant Crystal Lake Apartments Limited Partnership (Crystal Lake) owns a 100-unit apartment complex on 5.87 acres of land in McHenry County.  The county assessor assessed the complex at $1,448,040 for the 1994 tax year.  On January 30, 1995, following a hearing of Crystal Lake's assessment complaint, the McHenry County Board of Review (Board of Review) reduced the assessed value to $1,300,000.   On February 14, Crystal Lake appealed the Board of Review's assessment to the Property Tax Appeal Board (PTAB), requesting that it further reduce the assessment to $950,000.  The Board of Review sent notice to plaintiffs on December 20, 1995, that taxpayer petitioned to decrease its assessment.  Thereafter, plaintiffs filed a request to intervene in the assessment appeal.  The PTAB notified plaintiffs that it had received their request to intervene and that they had been added as interested parties in the record.   On February 15, 1996, Crystal Lake moved to dismiss plaintiffs' request to intervene arguing that plaintiffs failed to include copies of the resolutions of their governing boards authorizing representation as required by PTAB Rule 1910.60(d).  86 Ill. Adm. Code §1910.60(d) (1996).  Plaintiffs responded that the PTAB rules provide that, if a taxing body fails to provide the required resolution, the taxing body has 20 days to refile the request and attach a copy of the requisite resolution.  86 Ill. Adm. Code §1910.60(e) 
(1996).  Plaintiffs state that they attached copies of the appropriate resolutions in their request to refile.  However, our review of the record reveals no copies of the resolutions are attached to their resubmitted request, nor can we find copies of the resolutions anywhere in the record.  On March 29, the PTAB informed Crystal Lake and plaintiffs that it voted to dismiss plaintiffs' request to intervene.  

On May 2, plaintiffs filed a complaint for administrative review based on the PTAB's March 29 letter dismissing their request to intervene in the assessment of the property owned by Crystal Lake.  Plaintiffs also requested to be reinstated as intervenors.

Crystal Lake and the PTAB filed motions to dismiss for lack of jurisdiction, asserting that the PTAB decision to dismiss plaintiffs was not final and that, under section 16--195 of the Property Tax Code (Code) (35 ILCS 200/16--195 (West 1994)), the change in the assessed value was greater than $300,000 and, therefore, the complaint for administrative review should have been filed in the appellate court.  The circuit court granted the motion to dismiss plaintiffs' complaint for administrative review on the ground that the PTAB's decision was not a "final decision" within the meaning of the Administrative Review Law (735 ILCS 5/3--101 
et seq.
 (West 1994)) and further found the issue of whether review was properly in the trial court on the change in assessed valuation to be premature.  Plaintiffs timely appealed.

Because we may sustain the trial court's judgment upon any ground supported by the record (
Material Service Corp. v. Department of Revenue
, 98 Ill. 2d 382, 387 (1983)), we first turn to plaintiffs' contention regarding whether the circuit court had jurisdiction over the action based on the assessed valuation pursuant to section 16--195.  For jurisdictional purposes, "in every case where a change in assessed valuation of $300,000 or more was sought, that review shall be afforded directly in the Appellate Court *** and not in the circuit court."  35 ILCS 200/16--195 (West 1994). 

At issue here is how a change in assessed valuation is to be measured.  Plaintiffs assert that their complaint was properly filed in the circuit court.  Plaintiffs contend that when Crystal Lake submitted its appraiser's valuation of the property, it "amended" Crystal Lake's initial petition and therefore superseded it.  Thus, plaintiffs claim that the amount of change should be calculated by deducting the amount which Crystal Lake's appraiser valued the property ($1,116,555) from the assessment placed on the property by the Board of Review ($1.3 million).  The change in assessed valuation under this calculation is $183,445, which, plaintiffs argue, properly vests jurisdiction in the circuit court.  We disagree.

County of Coles v. Property Tax Appeal Board
, 275 Ill. App. 3d 945, 948-49 (1995), held that the amount of change sought is fixed at the instant a petition is filed with the PTAB.  Subsequent actions of the parties do not alter the amount of change that was sought.  
County of Coles
, 275 Ill. App. 3d at 949.
  

We find the reasoning of 
County of Coles
 equally valid under the facts of this case.  There is no statutory authority which provides that an amendment to an original petition before the PTAB supersedes the original petition and the amount of change in assessed valuation sought is fixed the instant the taxpayer files its property assessment petition before the PTAB.  This rule has the advantage of certainty.  
County of Coles
, 275 Ill. App. 3d at 949.

The "change in assessed valuation" is the difference between the final decision of the Board of Review and the proposed assessment, both as contained in the petition filed with the PTAB.  
County of Coles
, 275 Ill. App. 3d at 949.  In this case, the difference between the assessment placed on the property for the year 1994 by the Board of Review ($1,300,000) and the proposed assessment claimed by Crystal Lake when it filed its petition before the PTAB ($950,000) is $350,000.  Because Crystal Lake sought a change in assessed valuation greater than $300,000, the circuit court lacked jurisdiction over the complaint. 

Based on the foregoing, we conclude that the circuit court correctly found that it did not have jurisdiction.  We therefore need not address plaintiffs' remaining contentions.  We note, in passing, that based on the record before us it appears that the PTAB properly dismissed plaintiffs' request to intervene for failing to submit copies of the requisite resolutions.  

Accordingly, the decision of the circuit court of McHenry County dismissing plaintiffs' complaint is affirmed. 

Affirmed.

GEIGER, P.J., and McLAREN, J., concur.